345 So.2d 1179 (1977)
STATE of Louisiana
v.
Talman HEGWOOD, Jr.
No. 59014.
Supreme Court of Louisiana.
May 16, 1977.
*1181 Prentiss Cox, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., Alexander L. Doyle, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Hegwood here appeals his conviction of simple robbery and his five year sentence imposed after trial by jury on the charge of armed robbery of a teller at Terrebonne Bank and Trust Company on January 28, 1976. His appeal is based on seven assignments of error which have been consolidated on appeal into four arguments.[1]

ASSIGNMENTS OF ERROR NOS. 1 AND 2.
In these assignments, defendant Hegwood argues that the trial judge improperly refused him permission to represent himself, despite his request to do so.
On the date originally set for trial, June 10, 1976, but before trial had commenced, defendant moved for a continuance on the grounds that he lacked confidence in his court-appointed attorney and desired additional time in which to seek privately-retained counsel. The defendant did not further elaborate on his reasons for this request, and he had previously expressed on the record no dissatisfaction with his attorney who had been appointed and had served since before his arraignment some three months before. The court denied the motion, and defendant assigned error number one. The defendant through his attorney immediately moved to dismiss his court-appointed attorney and to represent himself. The trial judge refused to allow the dismissal of the appointed attorney on the day of trial, but allowed defendant leave to take writs to this Court for review. We denied writs, 333 So.2d 249 (La.1976), and defendant went to trial represented by appointed counsel. He now reasserts these issues on appeal.
In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) the United States Supreme Court raised to constitutional level the right of a state criminal defendant to represent himself. When a defendant asserts this right of self-representation, *1182 a trial judge must make two independent decisions: whether defendant's waiver of his right to be represented by counsel is intelligently and voluntarily made, and whether his assertion of his right to represent himself is clear and unequivocal. See Faretta v. California, supra.; United States v. Bennett, 539 F.2d 45 (10th Cir. 1976); United States ex rel. Konigsberg v. Vincent, 526 F.2d 131 (2nd Cir. 1975); State v. Snoddy, 332 So.2d 800 (La. 1976); State v. Nix, 327 So.2d 301 (La.1975), per curiam on denial of rehearing (La.1976).
We have previously held that a criminal defendant who waits until the morning of trial to ask the court to excuse his appointed attorney in order to search for retained counsel has waited so long that a trial judge's action in denying such a delaying tactic is justified. State v. Austin, 258 La. 273, 246 So.2d 12 (1971). For this reason, defendant's assignment number one lacks merit.
Similarly, it is also true that a defendant who waits until after the commencement of trial to assert for the first time his right to represent himself, after having acquiesced in representation by an attorney throughout pretrial procedures and the institution of trial, cannot thereafter successfully assert that right unless he makes a showing that the prejudice to his legitimate interests overbalances the potential disruption of the proceeding already in progress. State v. Nix, supra; see also United States v. Montgomery, 529 F.2d 1404 (10th Cir. 1976); United States ex rel Maldonado v. Denno, 348 F.2d 12 (2nd Cir. 1965), cert. denied 384 U.S. 1007, 86 S.Ct. 1950, 16 L.Ed.2d 1020 (1966). Here, defendant Hegwood acquiesced in the appointment of counsel until the morning of trial and then asked for a continuance so as to have time to retain private counsel. On the heels of the judge's refusal to delay the trial, defendant for the first time expressed his wish to dismiss his appointed counsel and to represent himself. The record does not indicate that defendant had given any serious thought to self-representation, nor that he had explored the possibility of the grave risks inherent in such action. Our reading of the record convinces us that this motion was intended only as another delaying tactic, not as a clear and unequivocal assertion of his right to represent himself. We are not here faced with the case of a person resigned to appear pro se who has merely failed to make known to the court his decision until the morning of trial.
Therefore, we find that a criminal defendant who has acquiesced in the representation of counsel, who for the first time requests to represent himself the morning of trial under circumstances which indicate that the request was a delaying tactic, and who makes no showing at all of any particular reason for his delay in asserting that right has impliedly waived his right to self-representation. See State v. Snoddy, supra. For these reasons, defendant's assignments lack merit.

ASSIGNMENT OF ERROR NO. 3.
Before the jury selection began, defense counsel moved that the voir dire examination be by questioning jurors one by one, not while they were seated in groups of six or twelve. The purpose of his motion was to insulate jurors from the possibly prejudicial questions and responses of other prospective jurors. However, defendant points to nothing particular about his case which might cause answers given by some prospective jurors (or the questions asked them) to prejudice the views of other prospective jurors.
In selecting a petit jury panel, the details of whether jurors should be called individually or by groups is a matter within the court's discretion. C.Cr.P. art. 784, see especially official revision comment. We have previously held that the trial judge's refusal to insulate prospective jurors from the voir dire examination of other prospective jurors does not, in the absence of special circumstances, deny a defendant a fair trial. State v. Groves, 311 So.2d 230 (La. 1975); State v. Robinson, 302 So.2d 270 (La.1974). See also State v. Madison, 345 So.2d 485 (La.1977). Finding no special *1183 circumstances here, we conclude that the judge's overruling defendant's motion was completely justified, and we find no merit to this assignment.

ASSIGNMENTS OF ERROR NOS. 6 AND 7.
In these two assignments, defendant complains that the trial court mistakenly overruled his objection to questions propounded to a state witness regarding a twenty dollar bill and regarding packages of currency found in defendant's apartment. The objections arose during the state's examination of the bank teller who was the victim of the robbery. She had testified that the robber had handed her a twenty dollar bill with a note written on it containing his robbery demand. When shown a twenty dollar bill with writing on it, she testified that that bill was not the same bill as the one used in the robbery. When the state asked if this bill was similar to the one used to effect the robbery, she answered "yes" while the defendant simultaneously objected to the question on the basis that the state had shown no connection between this piece of currency, which was found in defendant's apartment, and the crime. The court overruled the objection (the decision which forms the basis of assignment number six), but the state did not pursue its questioning of the witness about this twenty dollar bill.
Subsequently, the state showed the witness several packages containing various denominations of currency and asked her if they were similar to those stolen from her. Defendant objected on the grounds that the currency, which was found in defendant's apartment, had not been shown to be the same currency as that taken from the bank. The judge sustained defendant's objection to this question, and when the prosecutor asked the witness if the money could have been that which had been stolen, defendant's objection was again sustained by the court. These questions from the basis of assignment number seven.
We find no error in the judge's decision that the bank teller could be questioned about the twenty dollar bill found in defendant's apartment. The robber had perpetrated the crime by handing the bank teller a twenty dollar bill with a message written on it; a twenty dollar bill with a similar message was found in defendant's apartment. Although it was established that the two bills were not the same, the question to the witness about their possible similarity was relevant to the case and properly admitted. While the fact of having a twenty dollar bill with a robbery message written on it in one's apartment is clearly not proof to a certainty that a similar bill with a similar message was written by that person and relevant to the robbery at issue, it is sufficiently probative of that fact to withstand the objection that it is not relevant. R.S. 15:441; McCormick, Law of Evidence § 151, at 314 (Hornbook ed. 1954).
As for the defendant's objection that the prosecutor should not have been allowed to question the bank teller about the packages of currency found in defendant's apartment, we note that the trial judge sustained both of defendant's objections to these questions. Although there are some instances where matters raised in state questions to a witness can be so prejudicial as to mandate a mistrial even when objections to those questions are sustained, see State v. Meshell, 332 So.2d 767 (La.1976), this is not that sort of case. The prosecutor asked the bank teller if she could identify the packages of money as those taken from the bank and she stated that she could not. She was then asked if the packages were similar to those taken from her, and it was this inquiry that the judge did not allow her to answer, and that defendant now complains of. We find no prejudice under the circumstances and therefore conclude that the assignment has no merit.

ASSIGNMENTS OF ERROR NOS. 11 AND 12.
These two alleged errors relate to the alleged prejudicial impact on the jury in learning that defendant Hegwood had been booked as a fugitive from justice and that the police officers who originally arrested *1184 defendant Hegwood believed he fit the description of the man who had robbed the bank in question. This information was published in a local newspaper on the first day of trial. In the afternoon, the trial judge, evidently having seen the article at the noon recess, cautioned the jurors, who were not sequestered, to refrain from reading or listening to any news accounts about the case. He told the jurors that if any of them did so he would declare a mistrial, and secured from the jurors their promise not to read the newspaper or listen to the radio until the trial was completed. Defendant moved for a mistrial on the grounds that the jurors still could learn the information through friends or relatives, but made no allegation that any of the jurors had already learned of the information. Although the judge stated that he would entertain a renewed motion for mistrial the next day if it could be shown that any of the jurors had received impermissible information, he denied this motion because prior to that time no juror had read the paper or heard the radio report. No further motion for mistrial was made.
We find no error in the judge's overruling defendant's motion for mistrial. The defendant prior to or after recess did not move for sequestration of the jury, but instead moved only for a mistrial based on the newspaper article. Defendant produced no testimony to show that the news article had any effect on any juror, that any juror had read the article or had even had the opportunity to do so. See State v. Monk, 315 So.2d 727 (La.1975).
The other error allegedly occurred when the arresting officer was on the stand and was asked to explain what the defendant did when the policeman went to his apartment. The officer answered, "Through investigative means we identified information this man was a fugitive from justice from the State of Illinois." Defense counsel objected, his objection was sustained, and the jurors were admonished by the judge to disregard the witness' statement. Defense counsel, believing that the admonition was not sufficient to cure the prejudice, moved the court to grant a mistrial. The court, at the end of a lengthy discussion outside the presence of the jury, warned the state that no further questions could be asked which might involve defendant's past criminal activities, ordered the witness to make no further reference to the matter, and admonished the jury a second time to disregard the answer. The court, however, refused to grant the requested mistrial. The judge additionally agreed to allow defense counsel the opportunity to probe the witness, outside the presence of the jury, so as to explore whether the answer was actually unresponsive, or a part of a prearranged plan between the witness and the prosecutor. Defense counsel, however, refused such an inquiry.
Although we find defendant's argument to be a serious one, we conclude that it has no merit. We have held that the unsolicited, unresponsive remark of a witness as to another crime is not the comment of a "court official" which would mandate a mistrial under Article 770 of the Code of Criminal Procedure. State v. Hardy, 344 So.2d 1018 (La.1977); State v. Jones, 332 So.2d 466 (La.1976); State v. Thorson, 302 So.2d 578 (La.1974); State v. Howard, 283 So.2d 197 (La.1973) but see State v. Foss, 310 So.2d 573 (La.1975). Under Article 771 of the Code of Criminal Procedure it is within the trial court's discretion to grant a mistrial if it believes that an admonition is insufficient to assure the defendant a fair trial when someone other than a judge, district attorney, or a court official has made a prejudicial remark. State v. Gabriel, 308 So.2d 746 (La.1975). We believe that the trial court's admonition was sufficient to assuage any prejudice against the defendant, and that the court's refusal to grant a mistrial under these circumstances was not error.[2]
*1185 Accordingly, we affirm defendant's conviction and sentence.
NOTES
[1] Five other assignments have been abandoned on appeal for specific reasons stated in brief.
[2] Defendant argues in brief that he bases part of this assignment on a question by the state asking the officer if he felt defendant fit the description of the robber which he had been given. We do not consider this contention because it was not made a part of the assignment of error. In any event, the objection was sustained, and an admonition given. See our discussion of assignment of error number seven.