479 So.2d 1062 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Johnny Ray SMITH, Defendant-Appellant.
No. CR 84-660.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1985.
*1063 Steven I. Young, Alexandria, for defendant-appellant.
Dan B. Cornett, Asst. Dist. Atty., Jena, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and KNOLL, JJ.
KNOLL, Judge.
Defendant, Johnny Ray Smith, was indicted for aggravated burglary, a violation of LSA-R.S. 14:60, and armed robbery, a violation of LSA-R.S. 14:64. At arraignment, defendant, who had previously been appointed counsel, waived his right to an attorney and pleaded guilty to armed robbery. After a pre-sentence investigation, defendant was sentenced to sixty years at hard labor without benefit of parole, probation or suspension of sentence.
Defendant has appealed his conviction and sentence, filing two assignments of error; however, defendant has failed to file a brief. Assignments of error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982). Accordingly, defendant's case is subject only to a review for errors patent on the face of the record. LSA-C.Cr.P. Art. 920.
The colloquy between defendant and the trial court when the trial court questions defendant to make certain he has a full understanding of what the guilty plea connotes and of its consequences, is a part of the plea rather than testimony or evidence. Therefore, a review of the colloquy for error on appeal constitutes a mere inspection of the pleadings and proceedings without inspection of evidence. State v. Godejohn, 425 So.2d 750 (La.1983). We reverse and remand, finding a patent error in that during the plea-colloquy, defendant did not knowingly and intelligently waive counsel.
Absent a knowing and intelligent waiver of the right to counsel, no person may be imprisoned for any offense unless he is represented by counsel at trial. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Although defendant had appointed counsel prior to arraignment, he appeared at arraignment without counsel. The record is void of any indication that defendant's appointed counsel was ever notified of the date of arraignment. At arraignment the trial court advised defendant of his right to have his attorney present, but defendant waived his right to counsel.
LSA-C.Cr.P. Art. 514 provides:
"The minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to counsel, including the right to court-appointed counsel and that he waived such right."
Before the trial court can accept the defendant's waiver of counsel, the record must indicate that the court attempted to determine defendant's literacy, competency, understanding and volition. State v. LaFleur, 391 So.2d 445 (La.1980). Further, defendant should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and *1064 his choice is made with eyes open." Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), quoting Adams v. U.S. ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942); accord State v. Washington, 421 So.2d 887 (La. 1982); State v. Bell, 381 So.2d 393 (La. 1980). There is no particular formula which the trial court must follow in determining whether defendant has waived his constitutional right to counsel. State v. Carpenter, 390 So.2d 1296 (La.1980). The determination of whether defendant knowingly and voluntarily waives his right to counsel is dependent upon the facts and circumstances surrounding the case, including the accused's background, experience and conduct. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); State v. Carpenter, supra. As the court concluded in State v. Hegwood, 345 So.2d 1179 (La.1977), before a trial judge can allow defendant's self-representation, he must determine that defendant's waiver is intelligently and voluntarily made, and that his assertion to represent himself is clear and unequivocal.
In the instant case the trial court questioned defendant as follows:
"Q. Mr. Smith, I'm advised by the District Attorney's office and the Sheriff's Office that you're here today for arraignment on this charge of Armed Robbery and that you have the intention to enter a plea of guilty. Is that correct?
A. Yeah.
Q. Mr. Durusau from the Indigent Defender Board advised the Court previously that he could not represent you and that he had secured the agreement of Harold VanDyke of Alexandria who is an attorney who offered or indicated his willingness to represent you here. The point is this, that if you wish to have an attorney assist you, an attorney will be provided. If you cannot afford it, then an attorney will be provided at no cost to you. You have a legal right to an attorney. You also have the legal right to go ahead without an attorney.
A. I want to waive my rights without an attorney.
Q. All right, you understand that you do have the right to the assistance of counsel and as I understand it you want to waive or give up that right, is that correct?
A. Yes Sir.
Q. All right, I'm going to ask the Clerk to read the charge to you at which time I want you to state whether you wish to plead guilty or not guilty.
* * * * * *
Q. I told you you had the right to have an attorney to assist you. That means you have the right to an attorney to assist you before you are arraigned. If you requested it, you could talk to an attorney before you do this, that is plead guilty. You'd have the right to the assistance of an attorney at a trial or at any pre-trial hearing. You waive or give up your right to an attorney by entering a plea at this time. Is that clear?
A. Yes Sir.
* * * * * *
Q. How old are you now?
A. Twenty-six (26).
Q. Pardon?
A. Twenty-six (26).
Q. How much education have you completed?
A. Graduated.
Q. What?
A. Twelfth grade.
Q. You graduated from high school?
A. Yes Sir.
Q. Have you been working lately?
A. Yes Sir.
Q. Do you have any money that you could use to hire your own lawyer?
A. No sir.

*1065 Q. Do you feel that you understand what you're doing here today?
A. Yes Sir.
Q. Can you explain why you have decided to plead guilty?
A. Because I was wrong.
Q. You do understand, don't you, that an attorney can be appointed to help you if you wanted to talk to an attorney?
A. Yes Sir.
Q. And you've decided that you do not want to talk to an attorney and you want to enter a plea of guilty. Is that correct?
A. Yes.
Q. Speak up. I didn't hear you.
A. That's right."
The above colloquy does not establish that defendant was made aware of the consequences of his self-representation; particularly since he was not advised of the dangers and disadvantages of representing himself. Furthermore, with the sole exception of inquiring into defendant's educational background, the record reflects no attempt by the trial court to objectively assess defendant's literacy, competency, understanding, and volition. Having determined defendant did not properly waive the assistance of counsel, defendant's conviction and sentence are set aside.

DECREE
For the foregoing reasons, defendant's conviction and sentence are reversed and set aside, and this case is remanded to the district court for a new trial.
REVERSED AND REMANDED.