526 So.2d 867 (1988)
STATE of Louisiana, Plaintiff-Respondent,
v.
Charles ADAMS, Defendant-Relator.
No. K88-498.
Court of Appeal of Louisiana, Third Circuit.
June 13, 1988.
*868 Robert W. Raley, Bossier City, for relator.
Michael Henry, Dist. Atty., Natchitoches, for respondent.
Before GUIDRY, LABORDE and YELVERTON, JJ.

ORDER
WRIT GRANTED AND MADE PEREMPTORY:
Before a defendant can validly waive his right to counsel, the trial judge must make an on-the-record determination of the particular facts and circumstances surrounding each case, including the background, experience and conduct of the accused. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 1024, 1025, 82 L.Ed.2d 1461. Pertinent to such a determination is the trial judge's assessment of a defendant's literacy, competency, understanding and volition. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Lafleur, 391 So.2d 445 (La.1980); State v. Smith, 479 So.2d 1062 (La.App.3 Cir.1985); State v. Skeetoe, 501 So.2d 931 (La.App.2 Cir.1987). The record must also reflect that the defendant's choice of self-representation is clear and unequivocal. State v. Hegwood, 345 So.2d 1179 (La. 1977). Such a choice can only be made after a defendant has been made aware of the dangers and disadvantages of self representation, "so that the record will establish that `he knows what he is doing and his choice is made with eyes open.'" Faretta, supra, 95 S.Ct. at 2541; Smith, supra; Skeetoe, supra.
Although the record reflects that relator has a master's degree in education, and therefore, is presumably literate, the record does not reflect any attempt by the trial judge to assess the defendant's competency, understanding and volition. This failure appears most significant in light of defendant's later revelation that he was being treated by a therapist and that he was "on Anabuse". Thus defendant's waiver falls short of the first requirement of Hegwood, supra., i.e., that the waiver was knowing and intelligent.
Furthermore, the trial judge did not inform the defendant of the dangers and disadvantages of self-representation so that the record would establish that he knew what he was doing and his choice was made with eyes open. Smith, supra. Such a failure in a pro se case cannot support the conclusion that defendant's *869 waiver was knowing and informed. State v. Washington, 421 So.2d 887 (La.1982).
For these reasons, the trial court erred in denying defendant's motion to quash the bill of information charging defendant with DWI, 2nd offense. Accordingly, defendant's conviction and the sentence imposed are reversed.