PLOTKIN, Judge.
Walter L. Haley, Sr., was charged with criminal neglect of family pursuant to L.S. A. R.S. 14:74 in Orleans Parish Juvenile Court. Defendant was accused of willfully, intentionally and unlawfully failing to support his minor child, Walishia Haley, born on December 19, 1984. At the trial appellant was found guilty and ordered to pay child support. Haley appeals, arguing that when he was arraigned he did not make a knowing and intelligent waiver of his rights to be represented by counsel and to remain silent.
Haley maintains that the court committed reversible error by not inquiring into his background, age, education, experience, or whether he was aware of the elements of the offense or the defenses. He relies on Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975), where the Supreme Court held that a trial court must inform the defendant “of the dangers and disadvantages of self-representation, so that the record will establish that ‘he knows what he is doing and his choice is made with his eyes open’.... ” Appellant argues that his case is on all fours with State v. St. Pierre, 515 So.2d 769 (La.1987), in which the Supreme Court of Louisiana stated:
a defendant charged under R.S. 14:74 should be advised of his right to counsel.... Any waiver of those rights must be knowing and voluntary, and duly evidenced in the record.
At Haley’s arraignment, April 8, 1988, the following colloquy occurred:
THE COURT:
Mr. Haley, you are here as a result of a Bill of Information being filed by the *680 District Attorney’s office alledging [sic] that you have unlawfully failed to support your minor child.
As a result of this Bill of Information being filed you have a right to have an attorney represent you in these proceedings, either one hired directly by you or if you can not afford one, one appointed by the Court.
You have a right to have a trial in this matter where the State has to prove their case beyond a reasonable doubt. You have a right to question any witnesses called against you by the State. You have a right to subpoena, to have, [sic] witnesses testify in your behalf as well. You have a right to make a [sic] not to make any statements that would indicate you violated the law.
If you are found guilty you can be fined $500.00 or sentenced to serve six months in Parish Prison or both. If you enter a plea of guilty the same punishment could be imposed.
If you do wish to proceed in this matter you can enter a not guilty plea and talk about it to the District Attorney and agree to an amount of support to be paid. You can then be ordered to pay support on a weekly, bi-weekly, or monthly basis.
Do you understand why you are here?
MR. HALEY:
Yes, ma’am
THE COURT:
Do you understand your rights?
MR. HALEY:
Yes, ma’am
THE COURT:
Do you wish to proceed with or without an attorney?
MR. HALEY:
Without.
THE COURT:
How do you plead, guilty or not guilty?
MR. HALEY:
Not guilty.
Appellant notes that in recent cases in which the colloquy between the judge and the defendant is as brief as the instant case or even those in which the judge inquires as to the defendant’s years of schooling and age have been held to be inadequate inquiries in assessing the defendant’s literacy, competency, understanding, and volition. State v. Adams, 526 So.2d 867 (La.App. 3rd Cir.1988); State v. Skeetoe, 501 So.2d 931 (La.App. 2d Cir.1987).
The State argues that the cases the defendant relies on are distinguishable from the instant case. In State v. St. Pierre, supra, defendant entered a guilty plea; here defendant pled not guilty. Moreover, Skeetoe, supra, involves a felony offense and in felony cases all rights attach; in misdemeanor cases rights attach at actual imprisonment. The State notes that Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), which extended the right to counsel to all indigent misdemeanor defendants faced with a potential jail sentence, was modified by Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed. 2d 383 (1979), which held that as long as the indigent defendant was not sentenced to imprisonment, the state is not required to appoint counsel for him, even if the offense is one which is punishable by imprisonment. Here no imprisonment was imposed. Therefore, the State argues, defendant had no right to counsel and thus the right to a knowing and intelligent waiver of counsel becomes irrelevant.
We disagree. In Scott v. Illinois, supra, the court dealt with petty offenses for which imprisonment would be unlikely. We find that because imprisonment is frequently imposed in cases of criminal neglect, Scott does not apply. The penalty for criminal neglect is stated in La.R.S. 14:74 D(1):
Whoever commits the offense of criminal neglect of family shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both,....
In the instant case, at the close of the hearing when defendant was found to be guilty and was condemned to make payments through the court, the judge warned him of the consequences of not paying:
By the provisions of this order, if you are found guilty of contempt you will pay a *681 fine of five hundred dollars ($500.00), or spend time in the parish prison, or both.
Under Argersinger v. Hamlin, supra 92 S.Ct. at 2012, no one may be imprisoned for any offense “whether classified as petty, misdemeanor, or felony” unless he made a knowing and intelligent waiver of counsel or was represented by counsel at his trial. The defendant charged with criminal neglect has a special need of counsel and his waiver must be made knowingly. This offense, while classified as petty or a misdemeanor because of the lower fine and the penalty of less than six months imprisonment, imposes an unusual burden on the party found guilty for he must make child support payments under the threat of imprisonment for the number of years until the minor reaches majority.
Furthermore, we find that in the instant case the defendant did not make a knowing and intelligent waiver of counsel. Although courts have declined to propose a formula that the trial court must follow to find whether defendant has waived his right to counsel, State v. Carpenter, 390 So.2d 1296 (La.1980), they have stated that the facts and circumstances of each case, including the background, experience, and conduct of the accused, determine whether there has been an intelligent waiver. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). In State v. LaFleur, 391 So.2d 445 (La.1980), the court concluded that before the judge can accept the defendant’s waiver of counsel, the record must evidence that the court determined the defendant’s literacy, competency, understanding and volition. While we do not agree with the defendant that he had a right to have the elements of the offense and the defenses explained to him, we find that there was not an intelligent waiver in this case. The court made no effort to determine the defendant’s competency; she asked the defendant nothing about his understanding of the procedures. Because the defendant did not knowingly waive his right to counsel, his conviction of R.S. 14:74 must be reversed and remanded.
The reversal of the sentence on the first error pretermits our consideration of the second error.
REVERSED AND REMANDED.
SCHOTT, C.J., concurs.