SCHOTT, Chief Judge,
concurring:
I concur with the result reached by the majority. The accused may waive his right to counsel and exercise his right to self-representation so long as the record reflects that the waiver of counsel had been made knowingly and intelligently. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor or felony, unless he was represented by counsel at his trial. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The constitutional right to counsel is limited to cases that actually lead to imprisonment. Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979).
In State v. St. Pierre, 515 So.2d 769 (La.1987), the Louisiana Supreme Court held that a defendant charged under R.S. 14:74 must be advised of his right to counsel and a waiver of this right must be knowing and voluntary and duly evidenced in the record. This case involved contempt proceedings brought against a defendant who failed to comply with a support stipulation and who was not represented by counsel at the original proceedings concerning criminal neglect of family. For his contempt the defendant was sentenced to spend three weekends in parish jail. In the case at bar, the defendant has been convicted but he was neither fined nor imprisoned but merely ordered to pay child support pursuant to R.S. 14:74, which order is subject to enforcement through contempt proceedings.
Judicial economy dictates that we consider this matter before the defendant faces such contempt proceedings. The approach of the Supreme Court of Louisiana predicates the validity of the contempt proceedings upon what transpired at the original proceedings pertaining to criminal neglect *682 of family. The defendant chose to exercise his right to self-representation and to waive his right to assistance of counsel.
The record, however, fails to reflect evidence that would support a knowing and intelligent waiver of counsel as required under Faretta, supra. Before a defendant can validly waive his right to counsel, the trial judge must make an on-the-record determination of the particular facts and circumstances surrounding each case, including the background, experience and conduct of the accused. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Pertinent to such a determination is the trial judge’s assessment of a defendant’s literacy, competency, understanding and volition. Faretta, supra; State v. LaFleur, 391 So.2d 445 (La.1980). The record must also reflect that the defendant’s choice of self-representation is clear and unequivocal. State v. Hegwood, 345 So.2d 1179 (La.1977). Such a choice can only be made after a defendant has been made aware of the dangers and disadvantages of self-representation “so that the record will establish that ‘he knows what he is doing and his choice is made with eyes open.’ ” Faretta, supra, 95 S.Ct. at 2541; State v. Adams, 526 So.2d 867 at 868 (La.App. 3rd Cir.1988). In the case at bar, the scant colloquy between the court and the defendant fails to provide the information necessary to support a finding that the defendant made a knowing and intelligent waiver as defined under the case law.