549 So.2d 928 (1989)
STATE of Louisiana, Plaintiff-Appellee,
v.
Kenneth Raymond SEPULVADO, Defendant-Appellant.
No. CR89-96.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1989.
*929 David W. Dalton, Shreveport, for defendant-appellant.
Don Burkett, Dist. Atty., Many, for plaintiff-appellee.
Before GUIDRY, LABORDE and KNOLL, JJ.
LABORDE, Judge.
Defendant, Kenneth Raymond Sepulvado, was charged by bill of information with the crime of oral sexual battery, a violation of La.R.S. 14:43.3(A)(1). At arraignment, the defendant waived his right to counsel and pleaded guilty as charged. On December 8, 1988, the trial court sentenced the defendant to ten years at hard labor. He now appeals his conviction and sentence. We reverse and remand to the trial court for further proceedings.
The defendant filed and briefed two assignments of error; however, we pretermit discussion of either assignment of error, as two patent errors require that we vacate the defendant's plea.
LSA-C.Cr.P. art. 920 sets out the scope of appellate review in criminal cases. It provides:
"The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
The colloquy between the defendant and the trial court where the trial court questions the defendant to make certain that he comprehends the consequences which attach to a guilty plea, has been held to be part of the plea rather than testimony or evidence. State v. Godejohn, 425 So.2d 750 (La.1983). Accordingly, a review of the colloquy for error constitutes a mere inspection of the pleadings and proceedings and is within the ambit of this court's review power under LSA-C.Cr.P. art. 920. State v. Smith, 479 So.2d 1062 (La.App. 3d Cir.1985). We find that the trial court committed reversible error in accepting the defendant's guilty plea: (1) without first ascertaining whether the defendant made a knowing and intelligent waiver of his right to counsel, and (2) without accurately informing the defendant of the charge against him.
The following colloquy took place between the trial judge and the defendant during the defendant's arraignment:
"THE COURT: Mr. Sepulvado, since you waived the right to an Attorney at the 72-hour notice of custody and stated that you did not want an Attorney and do not have at this time I need to advise you that you have the right to an Attorney at this time and if you cannot afford an Attorney the Court will appoint an Attorney to represent you in this matter. You have the right to have an Attorney present with you at all stages of this proceeding. Do you want the Court to appoint an Attorney to represent you in the tendering of this guilty plea?
THE DEFENDANT: I do not want an Attorney.
THE COURT: You are waiving your right to an Attorney even though you know that the Court will appoint an Attorney to represent you if you want an Attorney.
THE DEFENDANT: Yes, sir.
THE COURT: You are waiving the right to an Attorney and stating that you want to enter a guilty plea without an Attorney being present?
*930 THE DEFENDANT: Yes, sir.
THE COURT: I would request that the Defendant be formally arraigned.

* * * * * *
THE COURT: Then at this time the Court finds that Mr. Sepulvado has voluntarily and intelligently waived right to counselwait just a minute, there is something else I need to review with you. Are you under the influence of alcohol or any other drug at this time?
THE DEFENDANT: No, sir.
THE COURT: Mr. Sepulvado, what is the level of your education?
THE DEFENDANT: About the Ninth Grade.
THE COURT: Alright, You know how to read and write?
THE DEFENDANT: Yes, sir.
THE COURT: Do you think you understand clearly what you are doing here?
THE DEFENDANT: Yes, sir.
THE COURT: And the plea that you have entered, as I understand it, is a voluntary knowledgeable plea?
THE DEFENDANT: Yes, sir, that's the only way I can get any help that I need.
THE COURT: Then at this time the Court finds that there is a factual basis for the charge and the plea, and the plea has been entered voluntarily, intelligently, knowingly and that Mr. Sepulvado has voluntarily and intelligently and knowingly waived his right to counsel, and the plea of guilty is accepted. At this time the Court is entering an Order for a pre-sentence investigation report and Mr. Sepulvado at this time the Court will remand you to the custody of the Sheriff pending imposition of sentence."
The right to assistance of counsel is fundamental in our legal system and essential to ensure a fair trial. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); State v. LaFleur, 391 So.2d 445 (La.1980). At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment. LSA-Const. Art. 1, § 13. Absent a knowing or intelligent waiver of this right, no person may be imprisoned for any offense unless he is represented by counsel at trial. Argersinger, supra; State v. LaFleur, supra; State v. Smith, supra.
Before a trial court can allow a defendant to represent himself, it must determine whether the defendant's waiver of counsel is made voluntarily and intelligently and whether his assertion of his right to represent himself is clear and unequivocal. State v. Hegwood, 345 So.2d 1179 (La. 1977). Additionally, the defendant must be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Bell, 381 So.2d 393 (La.1980); State v. Adams, 526 So.2d 867 (La.App. 3d Cir.1988).
In the case sub judice there is no indication that the trial court alerted the defendant to the dangers and disadvantages of proceeding pro se. When the defendant undertakes his own defense in a criminal case, the record must affirmatively show that the defendant was apprised of the consequences of waiving counsel to support the conclusion that his waiver was knowingly and intelligently made. State v. Washington, 421 So.2d 887 (La. 1982); State v. Bourgeois, 541 So.2d 926 (La.App. 3d Cir.1989); State v. Adams, supra. Since there was no such showing in this case, we can not say that the defendant's waiver was knowingly and intelligently made.
We further find that it is unclear whether the defendant had an adequate understanding of the nature of the charge against him. At the start of the Boykinization hearing, the district attorney stated he believed the defendant was going to plead guilty to oral sexual battery. Afterwards, the defendant was arraigned on this charge. However, the trial judge mistakenly read the sexual battery statute and its penalty provisions when he explained the nature of the charge against the defendant. A guilty plea will not be considered constitutionally valid unless it is made voluntarily *931 by the defendant and with an understanding of the nature of the charge. State v. Graham, 513 So.2d 419 (La.App. 2d Cir.1987). The Second Circuit in State v. Graham, supra, stated that:
"[a] trial court's on-the-record examination, especially of an uncounseled defendant, should include an attempt to satisfy itself that the defendant understands the nature of the charge, the acts sufficient to constitute the offense with which he is charged, and the statutorily permissible range of sentence." [citations omitted]
Id. at 421-422. Although the statutory definitions of sexual battery and oral sexual battery are similar, there are important differences in the elements which comprise either offense. Additionally, oral sexual battery provides for a maximum sentence of fifteen years at hard labor, while sexual battery provides for a maximum sentence of ten years at hard labor. Thus, the record does not clearly establish that the defendant had an adequate understanding of the nature of the charge.[1]
For the foregoing reasons, the defendant's conviction and sentence are reversed and set aside; this case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] We also note that since the crime of sexual battery is not a responsive verdict or a lesser included charge for oral sexual battery, the trial judge could not have accepted a plea to sexual battery under the facts of this case without the agreement of the district attorney and without the bill of information being amended by the district attorney. State v. Cook, 372 So.2d 1202 (La.1979); State v. Price, 461 So.2d 503 (La.App. 3d Cir.1984). These requirements were not met in the case at bar.