KNOLL, Judge.
Defendant, Keith Alan Lightfoot, appeals his convictions for: possession of marijuana, a violation of LSA-R.S. 40:966; possession of drug paraphernalia, a violation LSA-R.S. 40:1031; and, possession of cocaine, a violation of LSA-R.S. 40:967. At arraignment, defendant waived his right to counsel and pleaded guilty to the offenses. The sentencing court imposed: six months in the parish jail on each offense for possession of marijuana and possession of drug paraphernalia; and, four years at hard labor for possession of cocaine, with all of the sentences to run concurrently.
Defendant raised four assignments of error on appeal. Finding reversible error concerning defendant’s waiver of counsel at his arraignment, we will not address the remaining assignments of error.
WAIVER OF COUNSEL
Defendant contends that he did not knowingly and intelligently waive his right to counsel at arraignment. Thus, he argues that the trial court erroneously accepted his guilty pleas.
We have recently reviewed a defendant’s right to assistance of counsel in a series of appellate decisions, and will not repeat that firmly established jurisprudence herein. See State v. Smith, 479 So.2d 1062 (La.App. 3rd Cir.1985); State v. Adams, 526 So.2d 867 (La.App. 3rd Cir.1988); and, State v. Sepulvado, 549 So.2d 928 (La.App. 3rd Cir.1989).
At defendant’s arraignment, the record shows the following colloquy between the trial court and defendant:
“THE COURT: Mr. Lightfoot, you have been charged under two separate Bills of Information, one is that you have been *1035 charged with Possession of Cocaine, in violation of Title 40, Section 967(C), and you have been charged with Possession of Marijuana and Possession of Drug Paraphernalia. Mr. Lightfoot, do you have any Attorney to represent you?
THE DEFENDANT: No, sir.
THE COURT: Do you want an Attorney? How do you plan to plead to these charges?
THE DEFENDANT: Guilty.
******
THE COURT: Also, Mr. Lightfoot I want to understand quite clearly that you understand that you are entitled to be respresented [sic] by an Attorney in connection with either one or both of these charges if you want an Attorney. If you do not want an Attorney, of course, the law does not require that you have one, but you have right to one regardless of whether you can afford an Attorney. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: And are you telling me that you just don’t want a lawyer?
THE DEFENDANT: Yes, sir.
THE COURT: That is what you are saying?
THE DEFENDANT: Yes, sir.
THE COURT: Alright, How old are you, Mr. Lightfoot?
THE DEFENDANT: Twenty-one.
******
THE COURT: Are you under the influence of alcohol or any other drug at this time?
THE DEFENDANT: No, sir.
THE COURT: Are you on any medication that would make you not completely understand what is taking place here?
THE DEFENDANT: No, sir.
THE COURT: How far did you go in school, Mr. Lightfoot?
THE DEFENDANT: Freshman in college.
THE COURT: Alright, sir. Then you know how to read and write and you think you fully comprehend what is taking place?
THE DEFENDANT: Yes, sir.”
After carefully reviewing the record, we do not find that the trial court made defendant aware of the dangers and disadvantages of self-representation. Other than determining defendant’s age and level of education, and asking defendant if he was free from the influence of medicine or drugs, the trial court made no objective determination that defendant’s waiver of his right to counsel was knowingly and intelligently made. State v. Smith, supra. The record fails to reflect that the trial court objectively assessed defendant’s literacy, competency, understanding, and volition. Therefore, we conclude that defendant did not knowingly and intelligently waive assistance of counsel. Accordingly, we must reverse and set aside defendant’s convictions and sentences.
DECREE
For the foregoing reasons, defendant’s convictions and sentences are hereby reversed and set aside, and this case is remanded to the district court for a new trial, consistent with the views expressed herein.
REVERSED AND REMANDED.