h JOHNSON, J.,
would grant the writ application for the following reasons.
The Sixth and Fourteenth Amendments of the United States Constitution guarantee that a person brought to trial must be afforded the right to assistance of counsel before he can be validly convicted and punished by imprisonment. The Sixth Amendment further grants to an accused the right of self-representation. State v. Carpenter, 390 So.2d 1296 (La.1980). In *21 Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the United States Supreme Court raised to constitutional level the right of a state criminal defendant to represent himself. Because an accused managing his own defense “relinquishes ... many of the traditional benefits associated with the right to counsel”, he “must ‘knowingly and intelligently’ forego those relinquished benefits” in order to represent himself. Faretta, 95 S.Ct. at 2541.
The State has the burden of proving that a defendant knowingly and intelligently waived his constitutional right to the assistance of counsel. State v. Brooks, 452 So.2d 149 (La.1984). The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); State v. Harper, 381 So.2d 468 (La.1980).
Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation so that the record will establish that ‘he knows what he is doing and his choice is made with eyes open.’
Faretta v. California, 95 S.Ct. at 2541 [citing Adams v. United States, 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942)]. Thus, before a trial judge can allow a defendant to represent himself, he must determine whether defendant’s waiver of counsel is intelligently and voluntarily made, and whether his assertion of his right to represent himself is clear and unequivocal. State v. Hegwood, 345 So.2d 1179 (La.1977). State v. Nevels, 457 So.2d 1254 (La.App. 1 Cir.1984); State v. Smith, 479 So.2d 1062 (La.App. 3 Cir.1985). There should be some indication that the trial court tried to assess defendant’s literacy, competency, understanding and volition before he accepted the waiver of counsel. State v. LaFleur, 391 So.2d 445 (La.1980).
In this case, a review of the transcript makes it abundantly clear that the trial court failed to ascertain whether the defendant’s waiver of his right to counsel was made intelligently. There is no indication that the trial court made an attempt to assess the defendant’s “literacy, competency, understanding, and volition” prior to accepting the waiver of right to counsel. Moreover, the trial court made no attempt to inform the defendant of “the dangers and disadvantages of selfirepresentation.”
Because the record does not establish that the defendant made a knowing and intelligent decision to waive his right to counsel, I would grant this writ application, reverse the defendant’s conviction and sentence, and remand this matter for a new trial.