# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-928


**STATE OF LOUISIANA**

**VERSUS**

**MARK DAIGLE**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 64157
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## ELIZABETH A. PICKETT
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.

## CONVICTION AND SENTENCE VACATED, AND REMANDED.

Thomas E. Guilbeau
Attorney At Law
P. O. Box 3331
Lafayette, La 70502
(337) 232-7240
  Counsel for Defendant-Appellant:
  Mark Daigle

Michael Harson
District Attorney, 15th JDC
Kim Reginald Hayes
Assistant District Attorney
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
  Counsel for State-Appellee:
  State of Louisiana

**PICKETT. Judge.**

## FACTS

The defendant, Mark Daigle, was convicted of one count of misapplication of funds. However, the facts which sustained the conviction are not pertinent to the defendant's appeal. The defendant's sole complaint is that he was denied his constitutional right to assistance of counsel at trial.

The procedural facts are as follows:

The defendant was arraigned on April 7, 2004. According to the minute entry, the defendant was represented by Attorney Shane Mouton. However, on the date of arraignment, an attorney from the Indigent Defense Board stood in for retained counsel. On April 12, 2005, Attorney Shane Mouton moved to withdraw as counsel of record. There is no formal grant of counsel's motion in the record. However, on August 10, 2005, a hearing was held on the state's motion to determine counsel, wherein the defendant informed the trial court he desired to represent himself. The trial court agreed to allow the defendant to represent himself. Trial commenced on November 29, 2005, following which the trial court found the defendant guilty as charged.

The defendant was charged by bill of information with one count of misapplication of payments, a violation of La.R.S. 14:202. He was found guilty as charged following a bench trial on November 29, 2005. The defendant filed a "Motion for a New Trial" on February 15, 2006. Hearings on the defendant's motion were held on August 7, 2006, and March 26, 2007. The defendant's motion was denied and he was sentenced on the same date to five years imprisonment, suspended, supervised probation, and restitution.

1

The defendant perfected a timely appeal in which he asserts the trial court erred when it denied his "Motion for a New Trial."

**ASSIGNMENT OF ERROR**

The defendant based his motion for a new trial on the grounds that he did not effectively waive his right to counsel and that he was never advised of the dangers and disadvantages of self-representation. Moreover, he asserted he was never advised of his right to court-appointed counsel.

In pertinent part, La.Code Crim.P. art. 851, Grounds for a new trial, provides that:

> The court, on motion of the defendant, shall grant a new trial whenever:
>
> . . . .
>
> (4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment; or
>
> (5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.

The decision on a motion for a new trial rests within the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent a clear showing of an abuse of discretion. *State v. Quest*, 00-205 (La.App. 5 Cir. 10/18/00), 772 So.2d 772, 784, *writ denied,* 00-3137 (La. 11/2/01), 800 So.2d 866.

In brief, the defendant argues that "[a] defendant in a criminal matter has the constitutional right to the assistance of counsel and the alternative right to represent himself. However, because these two rights are mutually exclusive, the right to counsel must be <u>waived</u> in order for a defendant to properly invoke the right to self-representation." The defendant argues that because of having to assume "the heavy

2

burden of defendant [sic] himself at trial, and armed with no professional legal skill, [he] simply cannot be expected by 'reasonably [sic] diligence' to have discovered such a defect prior to the court's ruling," and that "even if defendant may not be entitled to a new trial as a matter of strict legal right, the ends of justice would be served by granting a new trial."

## **DISCUSSION**

As noted above, the defendant's counsel moved to withdraw on April 12, 2005. On August 10, 2005, a hearing was held on the State's motion to determine counsel. The hearing was very brief, and contained the following discourse between the trial court and the defendant:

> THE COURT: Okay. You think you can -- I know you, of course, know enough about the case to represent yourself, but do you know about the law? Have you -- you have sources and so forth to research that issue?
>
> MR. DAIGLE: Yes, sir. I feel that the truth can only come out.
>
> THE COURT: What's your education?
>
> MR. DAIGLE: High school graduate.
>
> THE COURT: Graduated?
>
> MR. DAIGLE: Yes, sir.
>
> THE COURT: Okay. So you feel comfortable -- you know, because in a criminal case, you representing yourself, you may not know the things that you need to know as far as the law goes to protect your own interest, you know. So I'm going to highly recommend that between now and then that you get an attorney, if you can, if nothing else to sit with you and advise you on the law. If you choose not to do that, I will let you go unrepresented and let you represent yourself, but it is -- you know, you travel at your own peril in that, okay?
>
> MR. DAIGLE: Yes, sir, I understand that.

Nothing more occurred in the record between this date and the trial, except for a one-day continuance on November 28, 2005. Trial commenced the next day on November 29, 2005. The following conversation took place prior to the trial:

THE COURT: Mr. Daigle, the first thing we're going to go over with you is I'll need to get your full education and so forth as far as for your ability to defend yourself here today. Can you, for the record, state what education you have?

MR. DAIGLE: I have a highschool [sic] degree.

THE COURT: And we talked in chambers a little while ago. I tried to explain, you know, the court proceedings to you so you would know basically how everything would go. Do you feel comfortable that you're able to represent yourself in this situation?

MR. DAIGLE: Yes, your Honor.

THE COURT: You know enough about the case in general, and you read the statute that you're here accused of violating?

MR. DAIGLE: Yes, I have.

THE COURT: And you understand you have a right to a jury trial?

MR. DAIGLE: Yes, I do.

THE COURT: And you've agreed to waive that right?

MR. DAIGLE: Yes, I have.

THE COURT: All right. And you feel comfortable with me as a judge? I've explained that I do know some of the parties here but don't believe that any of the parties -- that my affiliation with any of the parties here would affect my decision?

MR. DAIGLE: No, I don't, not at all.

THE COURT: Okay, good. All right. I guess we'll start with your case.

Following the one-day trial, the trial court found the defendant guilty as charged. On December 23, 2005, current defense counsel, Thomas Guilbeau, filed

a "Motion to Enroll as Counsel of Record," which was granted on the same date. On January 20, 2006, the defendant filed a "Motion to Postpone Sentencing of Defendant for Thirty Days to Allow Defendant Additional Time to Prepare and File a Motion for New Trial," which was granted on the same date.

Hearings on the defendant's motion for a new trial were held on August 7, 2006, and March 26, 2007. At the hearing, the defendant testified that he had initially retained defense counsel, but the attorney had to withdraw from the case because he had accepted a position with the District Attorney's Office. The defendant stated counsel offered to help him find new counsel, but he could not afford to hire new counsel. The defendant agreed that the judge spoke with him the day prior to trial and advised him about trial procedures. He testified he had no prior experience with the legal system. He did not recall the trial judge telling him he had a right to appointed counsel. He stated he did not understand that he could have received five years imprisonment. The defendant stated his prior counsel had told him that as a worst case scenario he would receive probation and be ordered to pay restitution. While the defendant agreed he waived a trial by jury, he did not know that a jury of six persons would have had to convict him unanimously, and if he had known, he would have chosen a jury trial. Moreover, although he understood when the trial judge advised him he had affiliations with some of the parties, he did not know he had the right to attempt to recuse the trial judge. Finally, the defendant testified he did not know he had the right to discover the evidence the state held against him.

On cross-examination, the state reminded the defendant that on November 28, 2005, when the trial court continued the trial for one more day, he did not want to continue, but to proceed immediately to trial.

5

MR. HAYES: In any event, the day you did try this case, before the trial took place, as indicated by your attorney and the transcript he's typed up, you were asked if you wanted a judge or jury trial, and what was your response?

A. I said a judge, but I didn't understand that I could have a jury and how it worked.

Q. Okay. And you don't remember the previous time or that day in chambers being explained about the choice between a judge and jury?

A. No.

Q. So all of us do, but you don't?

MR. GUILBEAU: Who's all of us?

MR. HAYES: And you also waived your right to have a lawyer represent you that day in trial, correct?

A. Because I couldn't afford one.

Q. But you also waived your right to have one appointed free of charge because you were told that also.

A. I don't remember.

Q. Mr. Daigle, the day we came to court to try this case, are you telling this Court today that you were never told that you have a right to a lawyer even if you can't afford one? How many times did you tell the Court that you didn't want a lawyer and you were going to represent yourself?

A. I thought y'all were going to appoint a lawyer that morning that knew nothing about the case or what was going on. I, you know, I didn't understand that, no.

Q. Why didn't you tell the Court that?

A. Because I thought that if we went and the truth would come out that there was no way this could happen. I mean, I was there. I know what happened.

Q. So you never asked the Court for a lawyer, a court-appointed lawyer?

A. I didn't understand how that worked, no.

6

The trial court denied the defendant's motion for a new trial, stating that:

I really believe I went out of my way to both inform you in chambers and in Court of what your rights were and how you were going to proceed and took steps to make sure you were informed the whole way through, what you had to do and how you had to do it to represent yourself.

The record does not show that the trial court followed the tenets as discussed below in *State v. Whatley*, 03-655 (La.App. 3 Cir. 11/5/03), 858 So.2d 751, and *State v. Hayes*, 95-1170 (La.App. 3 Cir. 3/6/96), 670 So.2d 683. There is nothing is the record before this court which demonstrates that the trial court made an adequate determination that the defendant's waiver of his right to counsel was intelligently and knowingly made. Moreover, the trial court failed to adequately advise the defendant of the dangers and disadvantages of self-representation.

This court's position on issues of an accused's right to counsel and right to represent himself and whether these rights had been violated is well established. In *Whatley*, 858 So.2d at 765-66, this court quoted with approval *Hayes*, 670 So.2d at 685-86, as follows:

A criminal defendant is guaranteed the right to counsel by both the state and federal constitutions. U.S. Const. amend. VI; La. Const. art. I, § 13. Absent a knowing and voluntary waiver of the right to counsel, no person may be imprisoned unless represented by counsel at trial. *State v. Smith,* 479 So.2d 1062 (La.App. 3 Cir.1985), citing *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

Before a defendant may waive his right to counsel, the trial court must determine whether the defendant's waiver of counsel is intelligently and voluntarily made, and whether his assertion of his right to represent himself is clear and unequivocal. *State v. Hegwood*, 345 So.2d 1179 (La.1977). The determination of whether there has been an intelligent waiver of the right to counsel depends upon the facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. *State v. Harper*, 381 So.2d 468 (La.1980). Although a defendant should be made aware of the dangers and disadvantages of self-representation, there is no particular formula which must be followed by the trial court in determining whether a

7

defendant has validly waived his right to counsel. *State v. Carpenter*, 390 So.2d 1296 (La.1980). However, the record must establish that the accused knew what he was doing and that his choice was made "with eyes open." *Id.* at 1298, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

The Third Circuit Court of Appeal has repeatedly required the trial court meet the following requirements in determining whether a defendant has validly waived his right to counsel: first, determine a defendant's literacy, competency, understanding and volition, i.e. was defendant's waiver of counsel made voluntarily and intelligently; and second, warn the defendant of the dangers and disadvantages of self-representation, so that the record establishes that the defendant knew what he was doing. *Mitchell*, 580 So.2d 1006; *Smith*, 479 So.2d 1062; *State v. Adams,* 526 So.2d 867 (La.App. 3 Cir.1988); *State v. Sepulvado*, 549 So.2d 928 (La.App. 3 Cir.1989); and *State v. Bourgeois,* 541 So.2d 926 (La.App. 3 Cir.1989), *writ denied,* 572 So.2d 85 (La.1991).

*See also State v. Johnson,* 06-937 (La.App. 3 Cir. 12/6/06), 944 So.2d 864.

## Knowing and intelligent waiver of right to counsel

Initially, as noted above, at the hearing on the State's motion to determine counsel, after the defendant agreed he was going to represent himself, the trial court asked about his education, establishing that the defendant graduated from high school. The judge mentioned that he knew the defendant was aware of the facts of his case, to which the defendant agreed. However, the trial court did not adequately inquire into or ascertain his literacy, competency, understanding, or volition.

In determining the knowing and intelligent nature of the waiver of right to counsel, the trial judge should consider such factors as the age, education, experience, background, competency and conduct of the accused as well as the gravity of the offense. *State v. Rodrigue*, 01-377 (La.App. 5 Cir. 8/28/01), 795 So.2d 488, 493; *State v. Pickett*, 99-532 (La.App. 5 Cir. 10/26/99), 746 So.2d 185, 188. Whether an accused has made a knowing and intelligent waiver of his right to counsel is a question which depends upon the facts and circumstances of each case. *State v. Strain*, 585 So.2d at 542; *State v. Rodrigue*, 795 So.2d at 493.

*State v. Frisella,* 03-1213, p.6 (La.App. 5 Cir. 2/23/04), 868 So.2d 871, 875.

8

Other than a determination that the defendant had a high school education, nothing more is in the record before this court to indicate his life experiences, background, or mental condition. At the hearing to determine counsel, the trial judge asked the defendant if he understood the charge against him, and the defendant answered, affirmatively. The judge, however, did not review the charge with the defendant or the consequences of a conviction. In *State v. Bruce*, 03-918, p.4 (La.App. 5 Cir. 12/30/03), 864 So.2d 854, 857, the fifth circuit stated that "[i]n order to sufficiently establish on the record that defendant is making an intelligent and knowing waiver, the inquiry should involve more than an interchange of 'yes' or 'no' responses from the defendant." In the present case, the trial judge asked if Defendant knew about the law, "You have sources and so forth to research that issue?" Defendant answered, "Yes, sir. I feel the truth can only come out."

On the morning of trial, the trial judge again established that the defendant had a high school education, asked him if he waived his right to a jury trial, and informed him that he had an "affiliation" with some of the parties in the case.

Not once did the trial judge state for the record that the defendant was entitled to appointment of counsel if he could not afford one. The minute entry of the arraignment indicates that the defendant had retained counsel. Therefore, there is nothing in the record from which this court could adduce that the defendant was advised at that time of his right to appointed counsel should he not have been able to afford counsel. At the hearing on the defendant's motion for a new trial, the trial judge indicated he offered the defendant appointed counsel in chambers.

What may or may not have occurred in chambers is of no moment. We can only consider what is reflected in the record. While the defendant admitted during

9

the hearing he was told he could have counsel appointed, he explained he was advised of such the day before trial, and he was fearful he would go to trial the next morning with an unprepared defense counsel.

Finally, the defendant's conduct did not impliedly waive his right to counsel. In *State v. Barr*, 01-696 (La.App. 3 Cir. 12/28/01), 806 So.2d 137, this court held that Barr's dilatory actions resulted in an implied waiver of the right to counsel when he continuously hired and fired counsel until the trial court finally refused another continuance and required him to go to trial without counsel. In *State v. Batiste*, 06-526 (La.App. 3 Cir. 12/11/96), 687 So.2d 499, Batiste was given several opportunities to retain counsel or to accept appointed counsel. He then would change his mind as to the prior decision whether he would retain counsel or accept appointed counsel. Batiste's indecision lasted two years and resulted in several continuances of the trial. This court found that Batiste and Barr impliedly waived their right to counsel by their actions.

In the present case, the defendant was arraigned with counsel in April 2004. In April 2005, counsel filed a motion to withdraw. As mentioned above, there was no formal grant of the motion to withdraw. Nor was there any motion filed by the defendant requesting the right to represent himself. However, at a hearing to determine counsel, in August 2005, the defendant agreed he was going to represent himself. The trial court advised him it was not a good idea, that he had some time in which to retain counsel. Trial commenced in November 2005. The failure to hire counsel within the four months prior to trial did not constitute dilatory behavior such that would indicate he impliedly waived his right to counsel as in *Barr* and *Batiste*.

10

Dangers and disadvantages of self-representation

The defendant argues his waiver was not intelligently made because he was never adequately advised of the dangers and disadvantages of self-representation.

In *Poche,* 05-1042 (La.App. 3 Cir. 3/1/06), 924 So.2d 1225, the accused alleged the trial court did not adequately determine his capacity to waive his right to counsel. This court found that Poche had validly waived his right to counsel and that the trial court had adequately warned him of the dangers and disadvantages of self-representation. However, Poche had filed several pre-trial *pro-se* briefs, and on several occasions the trial court had allowed him to argue the motions. Because the trial court had the opportunity to observe the accused through his *pro-se* pleading and his arguments made during various motions, it only had to ascertain his volition. Furthermore, this court was able to determine the correctness of the trial court's ruling which allowed Poche to represent himself because the record was sufficient to show that the trial court had complied with the necessary requirements as set forth in *Hays* and *Whatley.*

In the present case, the only words of warning of the pitfalls of self-representation given to the defendant were at the time the trial court recommended to the defendant he hire counsel: "[Y]ou may not know the things that you need to know as far as the law goes to protect your own interest, you know. . . . If you choose not to do that, I will let you go unrepresented and let you represent yourself, but it is--you know, you travel at your own peril in that, Okay?" The record does not contain any *pro-se* pleadings, nor does the record indicate the defendant participated in any of the motions filed on his behalf.

11

As an example of how his lack of knowledge of the law may have worked to his disadvantage in this case, the defendant argues that he did not know he had the right to discover the evidence the state intended to use against him prior to trial. As noted above, the record indicates there were no discovery motions filed in this case. Moreover, the defendant was entitled to explore the judge's "affiliations" he disclosed to the defendant on the morning of trial. The defendant testified he did not know of this right.

Following the hearing on the motion for a new trial, the judge stated:

> I really believe I went out of my way to both inform you in chambers and in Court of what your rights were and how you were going to proceed and took steps to make sure you were informed the whole way through, what you had to do and how you had to do it to represent yourself. I advised you I didn't think it was a good idea for you to represent yourself. I thought you did actually a pretty good job as an attorney representing yourself, as someone representing yourself. So, I'm going to deny the Motion for New Trial.

The record before this court, however, does not show that the trial court adequately determined that the defendant's waiver of trial counsel was intelligently or knowingly made or that he was adequately warned of the dangers and disadvantages of self-representation. Furthermore, the record is completely devoid of any advisement by the trial court that the defendant had a right to appointed counsel should he not have been able to afford to retain counsel. Louisiana Code of Criminal Procedure Article 514 provides that "[t]he minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to counsel, including the right to court-appointed counsel and that he waived such right." The record before this court does not establish that the defendant chose self-representation "with eyes open." *State v. Carpenter,* 390 So.2d 1296 (La.1980). *See also Faretta v. California*, 422 U.S. 806,

12

95 S.Ct. 2525 (1975) and *Poche,* 924 So.2d 1225, wherein this court stated "[t]he correctness of granting a defendant the right to represent himself is judged by the record made in recognizing his right to do so, not by what happens in the course of his self-representation." *Id*. at 1232.

Finally, "[t]he Louisiana courts have also found that the right to counsel is such a fundamental right that it is not subject to the harmless error analysis." *State v. Haider*, 00-231, p. 7, (La.App. 3 Cir. 10/11/00), 772 So.2d 189, 193. The defendant's constitutional right to be represented by counsel was violated when the trial court failed to adequately determine whether his waiver of counsel was intelligently and knowingly made. The ends of justice can only be served by granting the defendant a new trial. La.Code Crim.P. art. 851(5).

## CONCLUSION

The trial court's denial of the defendant's motion for a new trial is reversed and the defendant is hereby granted a new trial. There is nothing in the record before this court which shows that the trial court advised the defendant he had the right to appointed counsel if he could not afford counsel. The trial court did not adequately ascertain for the record that the defendant knowingly and intelligently waived his right to counsel or that he was made aware of the dangers and disadvantages of self-representation as required by this court. Accordingly, the trial court abused its discretion when it denied the defendant's motion for a new trial. Therefore, the conviction and sentence are vacated and this matter is remanded for further proceedings.

**CONVICTION AND SENTENCE VACATED AND REMANDED.**