390 So.2d 1296 (1980)
STATE of Louisiana
v.
Lorenzo CARPENTER.
No. 67558.
Supreme Court of Louisiana.
November 10, 1980.
Rehearing Denied December 15, 1980.
*1297 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., R. Greg Fowler, Asst. Dist. Atty., for plaintiff-appellee.
Joseph T. Dalrymple, Antoon, Dalrymple & Beck, Alexandria, for defendant-appellant.
MARCUS, Justice.
Lorenzo Carpenter was charged in the same information with three separate counts of armed robbery in violation of La.R.S. 14:64. At the arraignment, the state nolle prossed count one. After trial by jury on count three, defendant was found guilty of armed robbery and sentenced to serve seventy-five years at hard labor. The court expressly directed that the sentence be served consecutively with any other sentence defendant was serving. The state nolle prossed count two of the information. On appeal, defendant relies on forty-four assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENTS OF ERROR NOS. 1, 13, 26, 27, 39, 40, 41 AND 42
Defendant contends the trial judge erred in failing to ascertain whether he actually desired to represent himself, to determine whether he was capable of representing himself and to advise him of his right to counsel at all stages of the proceedings.
At the time of arrest and twice during incarceration, defendant was advised of his Miranda rights which included his right to counsel. Prior to arraignment, an attorney was appointed to represent defendant. At the arraignment on October 19, 1979, defendant, accompanied by his appointed counsel, informed Judge Robert P. Jackson that he did not desire the services of his appointed counsel, stating:
Your Honor at this time I would like to exercise my right under the 6th amendment to represent myself on certain issues of the matter. My family is in the process of contacting another attorney from a different state than the State of Louisiana, so at this time I would represent myself.
Judge Jackson acknowledged defendant's constitutional right to represent himself and asked defendant if he understood that armed robbery was an extremely serious offense in Louisiana. Defendant replied that he understood, adding that he had studied law for eight years at the University of Illinois Law School, was familiar with the laws of different states, had read the Louisiana Code of Criminal Procedure, and *1298 could properly represent himself. The court then relieved defendant's counsel of his appointment and granted defendant's request to represent himself. Defendant filed several pretrial motions on his behalf. On November 19, 1979, after denying defendant's motion to quash, Judge Jackson appointed "standby counsel" to assist defendant in obtaining legal materials and in contacting witnesses. This action was taken "in the interest of justice" to insure protection of defendant's sixth amendment rights. At a hearing on various pretrial motions held on December 6, 1979, with Judge Richard E. Lee presiding, attorney Robert Nida stated that he had been appointed by Judge Jackson as defendant's standby counsel but that defendant was representing himself. Mr. Nida also addressed the court in an attempt to clarify an objection defendant was having difficulty expressing.
Trial commenced on December 17, 1979, and was presided over by Judge Lee. Although defendant stated that he wished to relieve his standby counsel of his duties, Mr. Nida sat with defendant throughout the trial and occasionally intervened on defendant's behalf. At the end of the second day of trial, defendant was found guilty of armed robbery.
On January 8, 1980, defendant, without presence of counsel or standby counsel, appeared before the court for sentencing. After sentence was imposed by Judge Lee, defendant complained that the court had failed to advise him of his right to counsel at each critical stage of the proceeding, particularly at the sentencing stage, and stated that he had never waived his right to counsel in front of Judge Lee. An attorney was appointed to perfect defendant's appeal.
The sixth and fourteenth amendments of the federal constitution guarantee that a person brought to trial must be afforded the right to assistance of counsel before he can be validly convicted and punished by imprisonment. The sixth amendment further grants to an accused the right of self-representation. Because an accused managing his own defense relinquishes many of the traditional benefits associated with the right to counsel, he must knowingly and intelligently forego these benefits in order to represent himself. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Although a defendant should be made aware of the dangers and disadvantages of self-representation, there is no particular formula which must be followed by the trial court in determining whether defendant was waived his right to counsel. State v. Harper, 381 So.2d 468 (La.1980). The determination of whether there has been an intelligent waiver of the right to counsel depends upon the facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); State v. Harper, supra. The record must establish that the accused knew what he was doing and that his choice was made "with eyes open." Faretta, supra; Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942). Thus, before a trial judge can allow a defendant to represent himself, he must determine whether defendant's waiver of counsel is intelligently and voluntarily made, and whether his assertion of his right to represent himself is clear and unequivocal. State v. Hegwood, 345 So.2d 1179 (La.1977).
In the instant case, defendant clearly and unequivocally declared to Judge Jackson at arraignment that he desired to exercise his sixth amendment right to represent himself and that he did not desire the services of his court-appointed counsel. The record affirmatively shows that defendant was literate, competent and understanding and that he was voluntarily exercising his informed free will. Furthermore, defendant stated that he had studied law for eight years, was familiar with the laws of different states, had read the Louisiana Code of Criminal Procedure and could properly represent himself. Defendant also filed pretrial motions on his behalf. Although the judge did not specifically warn defendant of the dangers and disadvantages of self-representation, he did inquire into whether defendant was aware that armed robbery was an extremely serious offense in Louisiana. Thus, the court did *1299 not err in allowing defendant to represent himself.
Defendant's contention that he waived his right to counsel only for arraignment is not supported by the record. At no time prior to the conclusion of his sentencing did defendant indicate to the court that he desired assistance of counsel or that he no longer wished to represent himself. Moreover, at the commencement of trial, defendant stated that he did not want his standby counsel present during the proceedings. Despite defendant's objection, his standby counsel remained and occasionally intervened on defendant's behalf.[2]
Defendant further contends that the court erred in failing to advise defendant of his right to counsel at all stages of the proceedings and in particular at sentencing. The sixth amendment to the federal constitution mandates the right, unless waived, to the assistance of counsel at every critical stage of the proceedings including sentencing. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). La.Const. art. 1, § 13 recognizes the right to the assistance of counsel at every stage of the proceedings against a person accused of a crime unless this right is intelligently waived. State v. White, 325 So.2d 584 (La.1976). While the sixth amendment right to counsel applies to all critical stages, including sentencing, it does not follow that once the assistance of counsel has been competently waived, a new waiver must be obtained at every subsequent appearance by the defendant. A competent election by the defendant to represent himself and to decline the assistance of counsel once made before the court carries forward through all further proceedings in that case unless the defendant expressly requests that counsel be appointed for subsequent proceedings or circumstances suggest that the defendant's waiver was limited to a particular stage of the proceedings. Arnold v. United States, 414 F.2d 1056 (9th Cir. 1969), cert. denied, 396 U.S. 1021, 90 S.Ct. 593, 24 L.Ed.2d 514 (1970).
We have already determined that defendant made a competent election to represent himself and to decline the assistance of counsel at arraignment. We have further found that there is nothing in the record to indicate that defendant's waiver was limited to his arraignment. The record clearly shows that defendant did not expressly request that counsel be appointed for subsequent proceedings until after he was sentenced by Judge Lee. Thus, the court did not err when it failed to advise defendant of his right to assistance of counsel at his sentencing hearing. After handing down his sentence, Judge Lee acted properly by granting defendant's request for counsel to perfect his appeal. Accordingly, these assignments of error are without merit.
Having reviewed the remaining assignments of error asserted by defendant, we find that they present no reversible error and do not require published explanation because they do not present any question of unsettled law. Therefore, these assignments of error are discussed in an unpublished but publicly-recorded appendix to this opinion.

DECREE
Defendant's conviction and sentence are affirmed.
NOTES
[1] Although defendant represented himself during trial, an attorney was appointed to represent him for his appeal. Assignment of Error No. 44 incorporated defendant's twenty-three pro se assignments of error which were neither briefed nor argued. Also, Assignments of Error Nos. 4, 8, 10, 16, 30, 32 and 38 were neither briefed nor argued. We therefore consider these assignments of error to have been abandoned. State v. Blanton, 325 So.2d 586 (La. 1976); State v. Carlisle, 315 So.2d 675 (La. 1975).
[2] The court may-even over objection by defendant-appoint a "standby counsel" to aid defendant if and when he requires help and to be available to represent defendant in the event that termination of defendant's self-representation is necessary. Faretta, supra, at 835 n.46, 95 S.Ct. 2541 n.46.