580 So.2d 1006 (1991)
STATE of Louisiana, Plaintiff-Appellee,
v.
Terry MITCHELL, Defendant-Appellant.
No. Cr90-1020.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1991.
*1007 Bret C. Beyer, Lafayette, for defendant-appellant.
Bernard E. Boudreaux, Jr., Dist. Atty., New Iberia, for plaintiff-appellee.
Before STOKER, DOUCET and KING, JJ.
DOUCET, Judge.
The defendant, Terry Mitchell, was convicted by a twelve-person jury of two counts of distribution of marijuana, a violation of La. R.S. 40:966(A)(1). He was sentenced to the statutory minimum term of five years at hard labor on each count, with the two terms to run concurrent to each other but consecutive to any other sentences the defendant was serving.
Defendant was granted an out-of-time appeal and initially raised six assignments of error. All but one of these assignments of error have been abandoned. The remaining assignment of error concerns the sufficiency of the evidence to support defendant's convictions.
Additionally, the record reveals two possible errors patent which, under the provisions of La.C.Cr.P. Art. 920(2), must be addressed by this court.

SUFFICIENCY OF THE EVIDENCE
The defendant argues that the evidence introduced at trial was not sufficient to support his conviction. When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. *1008 Graffagnino v. King, 436 So.2d 559 (La. 1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the factfinder to weigh the respective credibilities of the witnesses, and therefore the appellate court should not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See, State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the State to obtain a conviction, it must prove the essential elements of the charged offense, in this case distribution of marijuana, beyond a reasonable doubt. The State must prove beyond a reasonable doubt that defendant distributed a controlled dangerous substance, marijuana. Distribution of controlled dangerous substances requires only general criminal intent. State v. Rexrode, 536 So.2d 671 (La.App. 3rd Cir.1988).
At trial, the State presented Daniel Ellis, an undercover narcotics officer, who purchased marijuana cigarettes from defendant in St. Martinville, on April 23, 1987, and again on May 8, 1987. Mr. Ellis identified defendant as "Peachy," the same man who sold him the hand-rolled cigarettes containing marijuana. At the first sale, defendant told Ellis he had some good "weed" and sold him six marijuana cigarettes for $10.00. At the second sale, on May 8, 1987, defendant sold Ellis four marijuana cigarettes for $6.00.
Two forensic chemists testified that the hand-rolled cigarettes sold to Ellis contained marijuana.
Defendant testified in his own defense, after being warned about waiving his right against self-incrimination. He attempted to place himself away from St. Martinville on the dates of the sales. However, the jury chose to believe Mr. Ellis and not defendant.
The question of credibility is within the sound discretion of the trier of fact. The jury's factual determinations are entitled to great weight and will not be disturbed unless contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981), citing State v. Cobbs, 350 So.2d 168 (La.1977). When the evidence presented to the jury is viewed in the light most favorable to the prosecution, defendant's conviction must stand.

WAIVER OF RIGHT TO COUNSEL
A review of the record in this matter reveals a question of whether the defendant knowingly and intelligently waived his constitutional right to counsel before being allowed to represent himself. State v. Smith, 479 So.2d 1062 (La.App. 3rd Cir. 1985), and State v. Sepulvado, 549 So.2d 928 (La.App. 3rd Cir. 1989).
At defendant's first court appearance, on December 16, 1987, he stated he was unable to hire an attorney and asked the court to appoint one for him. Defendant's case was referred to the Indigent Defender Board to determine defendant's indigency. At defendant's arraignment on April 4, 1988, he pled not guilty and informed the court he was able to hire his own attorney. There is no mention of the Indigent Defender Board being allowed to withdraw as counsel for defendant. Defendant's trial was set for June 27, 1988, but was continued to July 25, 1988. On July 25, 1988, the trial court ordered defendant to hire an attorney or have the court appoint the Indigent Defender Board to represent him. On July 27, 1988, defendant retained Mr. Kim Kidd from the Indigent Defender Board to represent him and defendant's trial was continued for the third time.
The transcript of the next hearing, on August 15, 1988, is in the record. At that hearing, defendant informed the court he had a conflict with his court-appointed attorney and he would like to hire a lawyer. Defendant said his girlfriend was going to pay for his attorney since he was out of work and had a civil lawsuit pending. The court informed him that he had to accept the attorney appointed by the court. The court concluded its remarks to defendant as follows:
BY THE COURT: "... I want to caution you very strongly that if this is your request then the next time this matter is set for trial you're going to go to *1009 trial, either with your attorney that you hire or represent yourself. You can't just keep coming back and saying that you don't want an attorney or you can't afford and [sic] attorney or you couldn't find an attorney or whatever...."
This was the fourth continuance of defendant's trial, because defendant could not obtain a private attorney and would not accept court-appointed counsel. At that time, the court gave defendant until Wednesday, August 17, 1988, to have an attorney enroll as counsel of record, or be prepared to go to trial representing himself. Trial was next set for October 24, 1988. At the outset, the trial judge asked whether defendant was going to represent himself. The defendant said he had planned to represent himself, but could not because he was under "treatment." Defendant admitted he never attempted to obtain a lawyer after the August 15, 1988 hearing. The trial court allowed defendant to represent himself, but appointed Mr. Kim Kidd of the Indigent Defender Board to be present to assist if asked to by defendant. Defendant conducted most of his defense with occasional assistance from Mr. Kidd.
A criminal defendant is guaranteed the right to counsel by both the State and Federal Constitutions. U.S. Const.Amend. VI; La. Const. Art. 1 § 13. Absent a knowing and voluntary waiver of the right to counsel, no person may be imprisoned unless represented by counsel at trial. State v. Smith, supra, citing Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).
The defendant's constitutional right to counsel of his choice may not be used to obstruct the orderly procedure in our courts nor to interfere with the fair administration of justice. State v. Champion, 412 So.2d 1048 (La.1982); State v. Simms, 505 So.2d 981 (La.App. 3rd Cir.1987). The defendant must exercise his constitutional right at a reasonable time, in a reasonable manner, and at an appropriate stage in the criminal justice system. State v. Champion, supra, citing State v. Lee, 364 So.2d 1024 (La.1978).
The defendant in this matter was not expressly warned of the dangers of self-representation. However, the defendant was repeatedly given the opportunity to obtain his own counsel or to accept the appointed counsel made available to him. On each occasion, he reversed his previous decision. Additionally, he failed to make any attempt to obtain the independent counsel he insisted upon. This conduct can only be interpreted as an attempt to avoid trial.
A defendant's failure to secure his own counsel and refusal to accept court appointed counsel may result in an implied waiver of his right to counsel. State v. Harper, 381 So.2d 468 (La.1980); City of Baton Rouge v. Dees, 363 So.2d 530 (La. 1978); State ex rel. Johnson v. Maggio, 449 So.2d 547 (La.App. 1st Cir.1984), writ denied, State v. Johnson, 450 So.2d 354 (La.1984).
Defendant's conduct in this matter constitutes such a waiver. Moreover, defendant did have counsel available to him throughout the trial and was lent assistance by counsel as needed. Accordingly, we find no denial of the defendant's constitutional right to counsel.

CAPACITY TO PROCEED
Another possible error found upon examination of the record concerns defendant's ability to proceed due to his mental condition. See, State v. Charles, 450 So.2d 1287 (La.1984), and State v. Sharlow, 493 So.2d 213 (La.App. 5th Cir.1986), writ denied, 496 So.2d 329 (La.1986). On the morning of trial, defendant told the court he had planned to represent himself but could not because he was being treated by a "psychiatrist." Defendant never filed a written motion, however, in the midst of jury selection, defendant's treating psychologist was called to testify concerning defendant's capacity to proceed with trial.
Dr. Kenneth Bouillion, a clinical psychologist recognized as an expert witness by the court, testified he had seen defendant *1010 only once, for one hour, and that was five days before trial. Dr. Bouillion testified defendant was able to understand the charges against him and assist in his own defense. Defendant's mental problems were a sleeping problem and headaches. However, these problems did not prevent defendant from understanding the charges against him and assisting in his own defense. Dr. Bouillion told defendant, "... from the legal definition you're competent." Defendant had been referred by Dr. Bouillion to a psychiatrist, Dr. Blackburn, concerning his sleeping problems.
The court, after hearing the testimony of Dr. Bouillion and arguments of counsel, gave oral reasons for denying defendant's oral motion concerning his capacity to proceed. The court found no reasonable ground to doubt defendant's mental capacity to proceed. The court felt this was another dilatory tactic by defendant. Therefore, defendant's motion was denied; no sanity commission was appointed.
"Under La.C.Cr.P. Art. 642, the issue of a person's "mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court." However, the defendant must establish reasonable grounds for the trial judge to believe that he is mentally defective or lacks the capacity to understand the proceedings against him or to assist in his defense before the court is required to appoint a sanity commission. State v. Rogers, 419 So.2d 840, 843 (La. 1982)."
State v. Goins, 568 So.2d 231, 235 (La.App. 3rd Cir.1990).
The defendant in this matter did not allege specific facts or information to establish reasonable grounds for the trial judge to doubt the defendant's mental capacity to proceed. Therefore, the trial judge did not err in denying defendant's motion in connection with his capacity to proceed.
Finding no reason in connection with the conviction, we affirm.
AFFIRMED.