NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-721


STATE OF LOUISIANA

VERSUS

DEBBIE W. DRAPER


**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR1157-2005
HONORABLE STUART S. KAY, JR., DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Michael G. Sullivan, Judges.

REVERSED AND REMANDED.

James R. Lestage
Assistant District Attorney
P.O. Box 99
DeRidder, LA 70634
(337) 463-5578
Counsel for Appellee:
	State of Louisiana

David L. Wallace
Attorney at Law
P. O. Box 489
DeRidder, LA 70634
(337) 462-0473
Counsel for Defendant/Appellant:
	Debbie W. Draper

**DECUIR, Judge.**

The Defendant, Debbie W. Draper, who was not represented by counsel, entered a plea of guilty to one count of felony theft, a violation of La.R.S. 14:67. She was sentenced to forty-eight months at hard labor.

The Defendant is now before this court, asserting one assignment of error. Therein, she contends her sentence is excessive and the trial court erred in failing to inform her of her exposure to the habitual offender statute.

## FACTS

The bill of information indicates the Defendant misappropriated or took food stamps having a value of $1,685.00 from the State of Louisiana by means of fraudulent conduct, practices, and representations.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is one error patent.

The record fails to indicate the Defendant's waiver of right to counsel was satisfactory. "At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment." La.Const. art. 1, § 13. The present Defendant was unrepresented at both her guilty plea and sentencing. This court discussed the waiver of right to counsel in *State v. Poche*, 05-1042 (La.App. 3 Cir. 3/1/06), 924 So.2d 1225, as follows:

> In *State v. Hayes*, 95-1170, pp. 4-5 (La.App. 3 Cir. 3/6/96), 670 So.2d 683, 685-86, this court stated:
>
> > Before being allowed to represent himself, a criminal defendant must knowingly and intelligently waive his constitutional right to counsel. *State v. Mitchell*, 580 So.2d 1006 (La.App. 3 Cir. 1991), *writ denied*, 613 So.2d 969 (La.1993).

A criminal defendant is guaranteed the right to counsel by both the state and federal constitutions. U.S. Const. amend. VI; La. Const. art. I, § 13. Absent a knowing and voluntary waiver of the right to counsel, no person may be imprisoned unless represented by counsel at trial. *State v. Smith*, 479 So.2d 1062 (La.App. 3 Cir. 1985), citing *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

Before a defendant may waive his right to counsel, the trial court must determine whether the defendant's waiver of counsel is intelligently and voluntarily made, and whether his assertion of his right to represent himself is clear and unequivocal. *State v. Hegwood*, 345 So.2d 1179 (La.1977). The determination of whether there has been an intelligent waiver of the right to counsel depends upon the facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. *State v. Harper*, 381 So.2d 468 (La.1980). Although a defendant should be made aware of the dangers and disadvantages of self-representation, there is no particular formula which must be followed by the trial court in determining whether a defendant has validly waived his right to counsel. *State v. Carpenter*, 390 So.2d 1296 (La.1980). However, the record must establish that the accused knew what he was doing and that his choice was made "with eyes open." *Id.* at 1298, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

The Third Circuit Court of Appeal has repeatedly required the trial court meet the following requirements in determining whether a defendant has validly waived his right to counsel: first, determine a defendant's literacy, competency, understanding and volition, i.e. [,] was defendant's waiver of counsel made voluntarily and intelligently; and second, warn the defendant of the dangers and disadvantages of self-representation, so that the record establishes that the defendant knew what he was doing. *Mitchell*, 580 So.2d 1006 [(La.App. 3 Cir. 1991), *writ denied*, 613 So.2d 969 (La.1993)]; *Smith*, 479 So.2d 1062; *State v. Adams*, 526 So.2d 867 (La.App. 3 Cir.1988); *State v. Sepulvado*, 549 So.2d 928 (La.App. 3 Cir.1989); and *State v. Bourgeois*, 541 So.2d 926 (La.App. 3 Cir.1989), *writ denied*, 572 So.2d 85 (La.1991).

*Id.* at 1231-32.

On the day of the Defendant's arraignment, the State informed the trial court that the Defendant wished to enter a plea of guilty and filed a written waiver of counsel form and plea of guilty form into the record. In the "Waiver of Counsel" form, the Defendant acknowledged that the trial court had informed her of the charges against her and her right to be represented by counsel of her choice or court-appointed counsel, if she lacked the finances to employ one. The "Request for Entry of Guilty Plea in Felony Case" form signed by the Defendant indicated she was forty-two years old, could read and write the English language, had a twelfth grade education, had never been treated for mental illness, was being treated by a physician or psychiatrist, and did not feel ill that day.

After accepting the forms filed by the State, the trial court informed the Defendant that it generally did not accept felony pleas without a defendant having received the advice of counsel. It further informed the Defendant that she should "talk with an attorney about this because the penalty in this case is up to ten years with the Department of Corrections and up to $3,000 in fines; and given the criminal history that I am already aware of, you could face a serious penalty." The Defendant responded as follows:

> Just go on with it. I mean, I -- I don't know. I mean, basically, they said that I did it. I went and paid for it. Basically, they just said I did it. I mean, they are saying that I did it.

> I went and paid the restitution on it. I just , I didn't know -- the lady didn't tell me --

The trial court then informed the Defendant that it would take her payment of restitution into consideration; however, that would not guarantee she would not be sentenced to serve jail time. The trial court again informed the Defendant that she was facing a "potentially serious penalty."

3

The Defendant informed the trial court that she read the waiver of counsel form and the guilty plea form. The trial court then explained that the waiver of counsel form was designed to acquaint the Defendant with the fact that she had the right to be represented by an attorney at all stages of a criminal proceeding, including a court-appointed attorney, if she was indigent. The trial court informed the Defendant that if she went forward with the plea, she was waiving her right to have an attorney present. The Defendant indicated that she understood this. The trial court then noted that the forms signed by the Defendant indicated she was forty-two years old and had completed the twelfth grade. The following exchange then occurred:

> Q      Have you ever been treated for a mental illness by a psychiatrist or a psychologist?
>
> A      I have, but it's been a while.
>
> Q      When did you last see one of those such doctors?
>
> A      It has been about three years.
>
> Q      All right. Were you given prescription medications at that time?
>
> A      Yes, sir. It has been awhile [sic]. I go back to see the doctor on the 28th.
>
> Q      You are no longer taking any psychotropic medication; is that correct?
>
> A      I'm not; not until I go see the doctor.

The trial court then set forth the maximum penalty for the charged offense. The trial court subsequently informed the Defendant of her right to trial by jury, right of confrontation and cross-examination, right to remain silent, and presumption of innocence. The Defendant acknowledged that by entering a plea of guilty she waived these rights.

Subsequently, the Defendant was sentenced without counsel. At sentencing, the trial court noted that the Defendant had previously waived her right to counsel.

4

We find the record fails to reflect that the trial court objectively assessed the Defendant's mental history, as the trial court failed to inquire as to the Defendant's scheduled mental health appointment and why the guilty plea form indicated she had never been treated for mental illness even though she informed the trial court that she had in fact received such treatment. *See State v. Carter*, 35,530 (La.App. 2 Cir. 4/3/02), 814 So.2d 710. Accordingly, we find the record does not indicate the Defendant's waiver of counsel was intelligently made.

## DECREE

For the foregoing reasons, the Defendant's conviction and sentence are reversed and the case remanded for further proceedings.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.