STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-373

STATE OF LOUISIANA

VERSUS

JAMES J. FRANCIS

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 68574
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Michael G. Sullivan, Judges.

**CONVICTIONS REVERSED; SENTENCES VACATED; REMANDED.**

Michael Harson
District Attorney
Post Office Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
State of Louisiana

Kim R. Hayes
Assistant District Attorney
Post Office Box 288
Crowley, LA 70527-0288
(337) 788-8831
COUNSEL FOR APPELLEE:
State of Louisiana

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**Post Office Box 2775**
**Monroe, LA   71207-2775**
**(318) 387-6124**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **James J. Francis**

AMY, Judge.

The defendant was charged with one count of distribution of cocaine and one count of distribution of marijuana. He represented himself at a jury trial and was convicted of the charged offenses. The trial court imposed separate sentences of six years at hard labor and ordered that the sentences be served concurrently. The defendant appeals, asserting that his waiver of counsel was not effective and that the trial court failed to adequately comply with the provisions of La.Code Crim.P. art. 894.1. For the following reasons, we reverse the defendant's convictions, vacate his sentences, and remand for further proceedings.

**Factual and Procedural Background**

The State alleges that the defendant, James Francis, sold crack cocaine and marijuana to an undercover officer working with the Acadia Parish Sheriff's Department. He was charged by bill of information with one count of distribution of cocaine, a violation of La.R.S. 40:967, and one count of distribution of marijuana, a violation of La.R.S. 40:966. At a December 7, 2005 arraignment, the defendant entered a not guilty plea.

The defendant's trial was fixed for February 21, 2006. On that date, however, the trial court continued the matter and permitted defense counsel to withdraw from the matter after being informed that the defendant did not wish to be represented by the attorney. The defendant explained that he would retain another attorney. Thereafter, the trial court stated that there would be no further continuances and fixed the trial for April 10, 2006.

When trial commenced on April 10th, the original defense attorney appeared and explained that, although he was no longer representing the defendant, the defendant had requested that he attend the pre-trial conference. The record reflects

that he did so and that the court held the conference in chambers. However, after the in-chambers conference, and on April 11th, jury selection and the trial commenced with the defendant representing himself.

The jury found the defendant guilty of both charges. The trial court subsequently sentenced the defendant to separate six-year sentences for the convictions. The trial court ordered that they be served at hard labor and that they be served concurrently. The defendant's motion to reconsider sentence was denied.

The defendant appeals, assigning the following as error:

I. The Trial Court failed to determine whether Mr. Francis's waiver of counsel was intelligently and voluntarily made, and whether his assertion of his right to represent himself was clear and unequivocal.

II. The Trial Court failed to comply with the provisions of [La.Code Crim.P. art.] 894.1.

## Discussion

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, the only patent error found pertains to the defendant's first assignment or error which is discussed below.

*Waiver of Counsel*

In his first assignment of error, the defendant contends that the trial court failed to determine whether his waiver of counsel was intelligently and voluntarily made and whether his assertion of the right to self-representation was clear and unequivocal. He asserts that the record does not support a finding of waiver or of a clear and unequivocal assertion of his right to self-representation.

Louisiana Constitution Article 1, Section 13[1] and the Sixth Amendment of the United States[2] guarantee a criminal defendant the right to assistance of counsel. While a defendant may represent himself, his choice to do so must be knowingly and intelligently made and the assertion of the right to self-representation must be clear and unequivocal. *State v. Brown*, 03-897 (La. 4/12/05), 907 So.2d 1 (citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975)). The supreme court reiterated that a defendant must "ask clearly and unequivocally to proceed *pro se*." *Id*. at 22.

With regard to a defendant's waiver of his or her right to counsel, a panel of this court has stated:

> Before a defendant may waive his right to counsel, the trial court must determine whether the defendant's waiver of counsel is intelligently and voluntarily made, and whether his assertion of his right to represent himself is clear and unequivocal. *State v. Hegwood*, 345 So.2d 1179 (La.1977). The determination of whether there has been an intelligent waiver of the right to counsel depends upon the facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. *State v. Harper*, 381 So.2d 468 (La.1980). Although a defendant should be made aware of the dangers and disadvantages of self-representation, there is no particular formula which must be followed by the trial court in determining whether a defendant has validly waived his right to counsel. *State v. Carpenter*, 390 So.2d 1296 (La.1980). However, the record must establish that the accused knew what he was doing and that his choice was made "with

---

[1] Article 1, Section 13 provides, in part:

In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment.

[2] The Sixth Amendment provides:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed; which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defence.

eyes open." *Id*. at 1298, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

> The Third Circuit Court of Appeal has repeatedly required the trial court meet the following requirements in determining whether a defendant has validly waived his right to counsel: first, determine a defendant's literacy, competency, understanding and volition, i.e. was defendant's waiver of counsel made voluntarily and intelligently; and second, warn the defendant of the dangers and disadvantages of self-representation, so that the record establishes that the defendant knew what he was doing. [*State v.*] *Mitchell*, 580 So.2d 1006 [ (La.App. 3 Cir.1991), *writ denied*, 613 So.2d 969 (La.1993) ]; [*State v.*] *Smith*, 479 So.2d 1062 [(La.App. 3 Cir.1985) ]; *State v. Adams*, 526 So.2d 867 (La.App. 3 Cir.1988); *State v. Sepulvado*, 549 So.2d 928 (La.App. 3 Cir.1989); and *State v. Bourgeois*, 541 So.2d 926 (La.App. 3 Cir.1989), *writ denied*, 572 So.2d 85 (La.1991).

*State v. Hayes*, 95-1170, pp. 4-5 (La.App. 3 Cir. 3/6/96), 670 So.2d 683, 685-86. *See also State v. Johnson*, 06-937 (La.App. 3 Cir. 12/6/06), 944 So.2d 864, and *State v. Whatley*, 03-655 (La.App. 3 Cir. 11/5/03), 858 So.2d 751.

Our review the record indicates that the trial court failed to satisfy the requirements set forth in *Hayes*. While these considerations may have been fully explored at the pre-trial conference held in chambers, there is insufficient memorialization of any such inquiries in the record.

First, at the February 21, 2006 hearing where defense counsel was permitted to withdraw, the following exchange occurred:

> THE COURT: Okay. My understanding is that you didn't want Mr. Stefanski to represent you and you're going to be hiring your own attorney?
>
> MR. FRANCIS: Yes, sir.
>
> THE COURT: And who's that attorney going to be; do you know?
>
> MR. FRANCIS: I got to find one first.

4

THE COURT: Okay. You understand we're continuing your matter, but you have to show up here ready to go to trial the next time with or without an attorney.

MR. FRANCIS: So -- never mind.

THE COURT: What's that?

MR. FRANCIS: Never mind.

THE COURT: So you understand you do have to be ready for trial next time, so whoever you do go hire, make sure they understand that there ain't no continuances, ain't no nothing. They have to be ready to go.

MR. FRANCIS: So next time I come, I'm going to have a trial with a jury?

THE COURT: You're going to have a trial with whoever attorney you bring with you.

MR. FRANCIS: Okay.

. . . .

MR. HAYES [Assistant District Attorney]: With or without one.

Next, on April 10, 2006, the day trial was set to begin, the following exchange

occurred:

THE COURT: That's the -- okay. James Francis, come forward, please. All right. You understand what we're going to do in the morning? I kind of just wanted to go over a few things with you.

MR. FRANCIS: The morning?

THE COURT: The jury is subpoenaed to be here in the morning.

MR. FRANCIS: The jury?

THE COURT: Unless you wanted a judge trial.

MR. FRANCIS: No, I want a jury trial, but I was supposed to be there. Like I told him, when they pick the jury, I want to be there too.

5

THE COURT:     Oh, yeah. You're going to be the one picking the jury for you. You don't have an attorney.

MR. FRANCIS:    Okay.

Finally, on April, 11, 2006, the day of jury selection and trial, the judge stated that he had met with the defendant in chambers the previous day and explained the trial proceedings. The defendant agreed with the judge's assertion. The judge then questioned the defendant about his education. The following exchange appears in the transcript:

THE COURT:     And I explained to you that you had a right to an attorney, if you couldn't afford to hire an attorney, one would be appointed, and one was appointed, Mr. Stefanski, and the last trial date you chose to not have Mr. Stefanski's services anymore and said you were going to hire an attorney; is that correct?

MR. FRANCIS:    That's right.

THE COURT:     And you showed up yesterday without an attorney knowing that I had explained to you that you had to be ready for trial today; is that correct?

MR. FRANCIS:    That's right.

THE COURT:     And you're prepared to represent yourself today; is that correct?

MR. FRANCIS:    As much as I can.

. . . .

MR. FRANCIS:    After we get through, can I go home and get the phone number and call my lawyer? I'll be right back. I ain't going nowhere.

THE COURT:     Well, what I'm going to do is I'm going to qualify the jury first.

MR. FRANCIS:    Okay.

THE COURT:     If you want to waive your presence for the qualification. That's just whether they can read, write, understand English. I'm going to excuse the ones that can't read and write. If you

6

want to go do that while I'm qualifying the jury, you certainly can do that.

MR. FRANCIS:     All right, sir.

. . . .

THE COURT:     Why don't you just have someone bring you that number.

MR. FRANCIS:     All right.

THE COURT:     Let me go through some more things with you. So you have twelve (12) plus years of education, and you understand you're charged with distribution of cocaine and distribution of marijuana?

MR. FRANCIS:     Yes, sir.

THE COURT:     And I've explained to you I'm going to let you pick your jury, ask the jury questions. After that, the District Attorney is going to present his case to the jury. You get to cross-examine any witness he presents. He's told me I believe there's three (3) witnesses. Is that correct, Mr. Hayes? Is there three (3) witnesses in this case?

MR. HAYES:     Your Honor, let's see, one, two, three, probably three, maybe four, probably.

THE COURT:     And I've warned you in chambers about self-incrimination, that since you are going to be asking the questions, you have to be very careful about making statements while you're asking the question, because if you open yourself up by making statements, I can allow the district attorney to cross-examine you on those statements you made, so - -

MR. FRANCIS:     All right.

THE COURT:     - - if you're not careful, you might waive your Fifth Amendment right to remain silent by making certain statements other than asking questions, okay?

MR. FRANCIS:     Yeah.

THE COURT:     So I just wanted to caution you against that.

MR. HAYES:     And along those lines, Judge - - I don't mean to interrupt you, but he explicitly needs to understand that he does not have to take the stand to testify.

7

THE COURT: And you do have the Fifth Amendment right not to testify, so - -

MR. FRANCIS: Right, not to self-incriminate myself.

THE COURT: - - when it's your case, after Mr. Hayes' case has rested, you have an opportunity to put on your own witnesses, including yourself, but you don't have to testify, and I'm going to explain to the jury that they can't hold that against you that you don't testify because of your Fifth Amendment right to remain silent. So you understand now?

MR. FRANCIS: Got you.

THE COURT: And the only other thing is - - and again, I warned you in chambers, but I know you get kind of excited. I didn't want you to get excited and - - if you get excited in front of the jury, I'm going to hold you in contempt, okay, if you act up in front of the jury, okay?

MR. FRANCIS: Okay.

THE COURT: If there's something going on here that you don't agree with, you need to ask to approach the bench with Mr. Hayes, and we'll stop court, remove the jury and we'll talk, okay.

MR. FRANCIS: All right.

. . . .

THE COURT: That's good. You can go make a phone call and - -

The transcript contains the bailiff's statement that he was available to transport the defendant home to retrieve the attorney's telephone number. While the minutes of court indicate the defendant was not present while the jury was qualified, there is no mention of the attorney's identity or whether he or she was contacted.

The colloquy above contains no express statement from the defendant that he wished to waive his right to counsel. Instead, on the morning of trial, he again made reference to contacting his attorney. With regard to representing himself, he merely stated "As much as I can" when asked if he was prepared to represent himself.

8

Although the trial court attempted to memorialize the in-chambers conference with the defendant, the information contained in the transcript reveals only a cursory review of various points regarding potential dangers and disadvantages associated with self-representation. Instead, the self-representation appeared to be a foregone conclusion. The trial court advised the defendant of various hazards to be wary of during the course of his self-representation, rather than the dangers and disadvantages of asserting his right of self-representation. In short, there is no indication *in the record* that the defendant's self-representation was knowingly and intelligently decided, nor is there an indication *in the record* that an assertion of the right to self-representation was clear and unequivocal.

*Implied Waiver of the Right to Counsel*

While, as stated above, the colloquies are insufficient indication of the defendant's waiver of counsel and assertion of the right to self-representation, a defendant may waive his right to counsel through his conduct. We consider this issue.

In *State v. Wilson*, 02-700 (La.App. 3 Cir. 12/18/02), 833 So.2d 560, *writ denied*, 03-216 (La. 5/2/03), 842 So.2d 1100, *cert. denied*, 540 U.S. 952, 124 S.Ct. 393 (2003), this court reviewed this circuit's jurisprudence involving implied waiver of the right to counsel:

> In [*State v.*] *Barr*, [01-696 (La.App. 3 Cir. 12/28/01),] 806 So.2d 137, we found that the defendant impliedly waived his right to counsel at trial by his dilatory actions, where he was given two years to secure counsel, during which time he made several court appearances at which he was represented by three different attorneys. In *State v. Batiste*, 96-526 (La.App. 3 Cir. 12/11/96); 687 So.2d 499, *writ denied*, 97-174 (La.6/30/97); 696 So.2d 1003, this court also found an implied waiver of counsel by dilatory actions, where the defendant had previously obtained three continuances and told the trial court on eight out of eleven appearances that he had retained or would retain counsel.

Although we found an implied waiver of counsel, we, nonetheless, reviewed the sufficiency of the evidence to determine whether the defendant was unduly prejudiced by proceeding without counsel.

In *State v. Mitchell*, 580 So.2d 1006 (La.App. 3 Cir.1991), *writ denied*, 613 So.2d 969 (La.1993), the defendant appeared for trial without counsel, after he had previously been granted four continuances and had refused to accept court-appointed counsel. The defendant informed the trial court that he had planned to represent himself, but he could not because he was under "treatment." Although the trial court allowed the defendant to represent himself, it also appointed an attorney to assist him. Finding that the defendant waived his right to counsel, we stated:

> [T]he defendant was repeatedly given the opportunity to obtain his own counsel or to accept the appointed counsel made available to him. On each occasion, he reversed his previous decision. Additionally, he failed to make any attempt to obtain the independent counsel he insisted upon. This conduct can only be interpreted as an attempt to avoid trial.
>
> . . . .
>
> Defendant's conduct in this matter constitutes [an implied] waiver. Moreover, defendant did have counsel available to him throughout the trial and was lent assistance by counsel as needed. Accordingly, we find no denial of the defendant's constitutional right to counsel.

*Id*. at 1009.

*Id*. at 564-65.

In *Wilson*, 833 So.2d 560, Mr. Vidrine represented the defendant at an habitual offender hearing. Shortly after the proceedings began, the defendant wanted to remove Mr. Vidrine as his counsel based on a collection letter Mr. Vidrine sent on behalf of a client. The trial court then informed the defendant that when he previously objected to having Mr. Vidrine as his attorney in January of 2002, he was given ten days to hire the attorney of his choice, Harold Register. When the trial court never heard from Mr. Register, it appointed Mr. Vidrine to represent the

defendant. Based on the defendant's objection at the habitual offender proceedings, the trial court removed Mr. Vidrine from the case, but ordered him to remain to assist the defendant during the habitual offender hearing. At that time, the defendant requested that he be given some time for his family to "appoint [him] a lawyer." *Id*. at 563. The trial court denied the request. On appeal, a panel of this court found that the defendant had impliedly waived his right to counsel through dilatory tactics. The court noted that in January 2002 the defendant was given ten days to hire his own counsel but had failed to do so by the time of the hearing in May 2002. Therefore, the defendant impliedly waived his right to counsel by his dilatory tactics. The court further observed that while the defendant was unrepresented at trial, he did, in fact, have the assistance of Mr. Vidrine.

In *State v. Dunn*, 30,269, pp. 7-8 (La.App. 2 Cir. 5/15/98), 713 So.2d 479, 492 (on rehearing), the second circuit stated the following:

> In this case, Dunn's actions did not warrant forcing him to proceed to trial without an attorney on the charge of simple escape. Dunn replaced his first (appointed) attorney with retained counsel, and the court granted his second (retained) attorney's motion to withdraw because Dunn failed to pay him. When Dunn appeared before Judge Butler without an attorney for the recusal motion, Dunn indicated a willingness to retain a lawyer but indicated that he could not afford one at that time. Although Judge Butler stated, "The record will reflect that at the present time, he's representing himself," Judge Butler did not conduct a full hearing to determine whether Dunn was entitled to another appointed attorney, nor did he determine whether Dunn intended to waive his right to counsel. When Dunn appeared for trial without an attorney, Judge Clason stated that Dunn was "representing himself by prior court order." Judge Clason stated that Dunn had been previously notified that trial was scheduled for that day, and that his appearance without an attorney constituted a waiver of the right to counsel.

The second circuit found the trial court erred in failing to appoint an attorney to represent, or at least assist, Dunn during trial or to continue the trial. The second circuit further found Dunn's behavior did not reach the level of abuse and delay

11

exhibited in the cases cited in the opinion, which included *Batiste*, 687 So.2d 499, and *Mitchell*, 580 So.2d 1006. The second circuit noted Dunn was not explicitly warned that he would be forced to proceed to trial without an attorney if he did not retain one or accept court-appointed counsel.

The attorney for the defendant in the present case was permitted to withdraw on February 21, 2006. When the defendant explained that he would retain counsel of his choosing, the trial court informed him that if he did not have an attorney for the April 10, 2006 scheduled trial date, he would have to represent himself. On the date trial began, April 11, 2006, the defendant was not represented by counsel, but asked if he could leave during jury qualification to retrieve his attorney's telephone number. There was approximately a month and a half between the time the defendant's appointed attorney withdrew and his trial. There were no additional continuances in this matter, the defendant did not ask for more time to retain an attorney, and the record does not indicate that the trial court attempted to appoint another attorney to represent the defendant or offer assistance during trial.

There is no doubt that the defendant's conduct was dilatory. However, the record does not indicate that the circumstances were analogous to those reported in the above jurisprudence. In particular, we note that, given the time periods involved and the number of appearances before the court, the defendant's acts were not as egregious as those in *Wilson*, 833 So.2d 560, *Barr*, 806 So.2d 137, and *Mitchell*, 580 So.2d 1006. Instead, the defendant's conduct was most similar to those of the defendant in *Dunn*, 713 So.2d 479 (on rehearing). Furthermore, in *Mitchell*, the defendant had a lengthier time period to retain counsel and was provided with assistance of counsel during the trial. Accordingly, we conclude that, in light of the

12

reported jurisprudence, the record does not support a determination that the defendant impliedly waived his right to counsel.

In sum, we conclude that the defendant neither knowingly and intelligently waived his right to counsel nor did he clearly and unequivocally assert the right to self-representation. Finally, the jurisprudence does not support a determination that the defendant impliedly waived his right to counsel. Accordingly, we reverse the defendant's convictions, vacate his sentences, and remand the matter to the trial court for further proceedings consistent with this opinion.

*Sentencing Considerations*

In his second assignment of error, the defendant contends the trial court failed to comply with the provisions of La.Code Crim.P. art. 894.1. However, our discussion above pretermits consideration of this assignment.

**DECREE**

For the foregoing reasons, we reverse the defendant's convictions for distribution of cocaine and distribution of marijuana, vacate the related sentences, and remand this matter to the trial court for further proceedings consistent with this opinion.

**CONVICTIONS REVERSED; SENTENCES VACATED; REMANDED.**