NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-0685

STATE OF LOUISIANA

VERSUS

DAVID STAPLETON

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT,
PARISH OF GRANT, NO. 07-169
HONORABLE ALLEN A. KRAKE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and James T. Genovese, Judges.

CONVICTION AFFIRMED.  SENTENCE VACATED, AND CASE
REMANDED FOR RESENTENCING.

James P. Lemoine
District Attorney, 35th JDC
Jimmy D. White
Assistant District Attorney, 35th JDC
Post Office Box 309
Colfax, LA
(318) 627-3205
COUNSEL FOR APPELLEE:
	State of Louisiana

**Mark O. Foster**
**Louisiana Appellate Project**
**Post Office Box 2057**
**Natchitoches, LA 71457**
**(318) 572-5693**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **David Stapleton**

**David L. Stapleton**
**Caldwell Correctional Center**
**671 Highway 845**
**Grayson, LA 71435**
    **PRO SE**

PETERS, J.

_____The State of Louisiana (state) charged the defendant, David Stapleton, by bill of information with the offense of driving while intoxicated, fourth offense, a violation of La.R.S. 14:98. A jury convicted him of the charge, and the trial court sentenced him to serve thirty years at hard labor, without benefit of probation, parole, or suspension of sentence. After the trial court rejected his motion to reconsider his sentence, the defendant perfected this appeal, asserting three assignments of error through his appellate counsel and three *pro se* assignments of error.

The defendant was initially charged by bill of information on March 21, 2007, charging that the offense occurred February 4, 2007. A two-day trial ended on January 15, 2008, with the jury's verdict of guilty as charged. The trial court sentenced the defendant on February 7, 2008, and rejected his motion for reconsideration of sentence on March 27, 2008. On appeal, the defendant's appellate counsel asserted the following assignments of error:

1. The trial court erred in sentencing Mr. Stapleton to the maximum sentence of 30 years imprisonment, without benefit of probation, parole or suspension of sentence, without complying with the requirements of La.C. Cr.P. art. 894.1.

2. The maximum, 30-year sentence imposed by the trial court was cruel, unusual and excessive, in violation of Article I, § 20 of the Louisiana Constitution of 1974.

3. The trial court erred in sentencing Mr. Stapleton without him being represented by his trial counsel, in not first determining if Mr. Stapleton actually wanted to waive counsel and represent himself.

The three *pro se* assignments of error filed by the defendant read as follows:

1. Rather the defendant was denied rights by allowing the Hon. Judge Allen A. Krake to preside over this case

2. The mis-use of time on predicates used to enhance

1

3.  Was the defendant represented by retained counsel in an appropriate manner

Considering the assignments of error asserted by the defendant's appellate counsel, we find merit in the third. Because disposition of that assignment of error renders consideration of the first two assignments moot, we will address it first.

The question raised by the third assignment of error relates to the defendant's legal representation, or lack thereof, at the sentencing proceedings. A finding that the defendant was not represented by counsel at the sentencing proceeding, and that he did not waive his right to counsel or invoke the right to self-representation, would require that his sentence be vacated.

> A defendant has the right to counsel at every critical stage of the proceedings against him, including sentencing. *See, State v. Kirsch*, 01-1017 (La.App. 5 Cir. 3/26/02), 815 So.2d 215, 217, citing *McConnell v. Rhay*, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); La. Const. art. I, § 13. Furthermore, the constitutional right to the assistance of counsel provided by the Sixth Amendment of the United States Constitution mandates the right, unless waived, to the assistance of counsel at every critical stage of the proceedings, including an initial or deferred sentencing. *See, State v. Lefeure*, 01-1003 (La.App. 5 Cir. 1/15/02), 807 So.2d 922, 923-924, and cases cited therein. Sentence imposed without the presence of defendant's attorney is illegal and of no effect, for certain vital issues cannot be raised and important rights may be lost if not raised or exercised prior to this stage of the proceedings. *Id*. Unless a defendant has made a knowing and intelligent waiver of his right to counsel, any sentence imposed in the absence of counsel is invalid and must be set aside. *See, State v. Lefeure*, at 924, and the cases cited therein.

*State v. Price*, 06-440, p. 3 (La.App. 5 Cir. 1/16/07), 951 So.2d 1152, 1153-54.

This court has addressed this issue as well, and in setting forth the applicable guidelines, has stated the following:

> Louisiana Constitution Article 1, Section 13 and the Sixth Amendment of the United States [Constitution] guarantee a criminal defendant the right to assistance of counsel. While a defendant may represent himself, his choice to do so must be knowingly and intelligently made and the assertion of the right to self-representation

2

must be clear and unequivocal. *State v. Brown*, 03-897 (La.4/12/05), 907 So.2d 1 (citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). The supreme court reiterated that a defendant must "ask clearly and unequivocally to proceed *pro se*." *Id.* at 22.

With regard to a defendant's waiver of his or her right to counsel, a panel of this court has stated:

> Before a defendant may waive his right to counsel, the trial court must determine whether the defendant's waiver of counsel is intelligently and voluntarily made, and whether his assertion of his right to represent himself is clear and unequivocal. *State v. Hegwood*, 345 So.2d 1179 (La.1977). The determination of whether there has been an intelligent waiver of the right to counsel depends upon the facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. *State v. Harper*, 381 So.2d 468 (La.1980). Although a defendant should be made aware of the dangers and disadvantages of self-representation, there is no particular formula which must be followed by the trial court in determining whether a defendant has validly waived his right to counsel. *State v. Carpenter*, 390 So.2d 1296 (La.1980). However, the record must establish that the accused knew what he was doing and that his choice was made "with eyes open." *Id.* at 1298, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
>
> The Third Circuit Court of Appeal has repeatedly required the trial court meet the following requirements in determining whether a defendant has validly waived his right to counsel: first, determine a defendant's literacy, competency, understanding and volition, i.e. was defendant's waiver of counsel made voluntarily and intelligently; and second, warn the defendant of the dangers and disadvantages of self-representation, so that the record establishes that the defendant knew what he was doing. [*State v.*] *Mitchell*, 580 So.2d 1006 [ (La.App. 3 Cir.1991), *writ denied*, 613 So.2d 969 (La.1993) ]; [*State v.*] *Smith*, 479 So.2d 1062 [ (La.App. 3 Cir.1985) ]; *State v. Adams*, 526 So.2d 867 (La.App. 3 Cir.1988); *State v. Sepulvado*, 549 So.2d 928 (La.App. 3 Cir.1989); and *State v. Bourgeois*, 541 So.2d 926 (La.App. 3 Cir.1989), *writ denied*, 572 So.2d 85 (La.1991).

*State v. Hayes*, 95-1170, pp. 4-5 (La.App. 3 Cir. 3/6/96), 670 So.2d 683, 685-86. *See also State v. Johnson*, 06-937 (La.App. 3 Cir.

3

12/6/06), 944 So.2d 864, and *State v. Whatley*, 03-655 (La.App. 3 Cir. 11/5/03), 858 So.2d 751.

*State v. Francis*, 07-373, pp. 3-4 (La.App. 3 Cir. 10/3/07), 966 So.2d 1096, 1098-99 (footnotes omitted).

The record before us establishes that the defendant was not represented by counsel at the sentencing hearing. As the hearing began, the defendant's trial counsel was present. However, the defendant informed the trial court that his trial counsel no longer represented him. From that point forward in the proceeding, the former trial counsel made no comment on the record. After addressing the defendant's concerns concerning access to copies of records in the proceedings, the trial court had the following exchange with the defendant before sentencing him:

Q.      Do you have any thing [sic] to say on your sentencing?

A.      Yes, sir.

Q.      What do you wish to say on your sentencing?

A.      Sir.

Q.      What do you wish to say on your sentencing?

A.      Well, not much I can tell you.

The trial court then proceeded to sentence the defendant.

Thus, the defendant was not represented by counsel when the trial court imposed sentence, and nothing in the record indicates that the defendant waived assistance of counsel at this stage of the proceedings. Therefore, we vacate the sentence imposed and remand the matter to the trial court for resentencing. Because we find it necessary to set the sentence aside, we need not consider the issues raised in the first two assignments of error raised by the defendant's appellate counsel.

4

In his first *pro se* assignment of error, the defendant asks the rhetorical question whether he was denied rights because Judge Allen A. Krake presided over the case. He raises this question with the following statement:

> The defendant believes his rights to a fundamentally fair trial was very much abused, if not altogether denied him, in that the trial Judge, who was on probation for substance abuse and in fact removed from the bench for not meeting the terms of his probation and refusing to submit to urinalisis [sic] test not two days after the sentence of defendant. Whose to say that he was or was not impared [sic] during the trial and or sentense [sic], that and that he was under surveillance by certain parties in some manner seems unfair to the defendant. Is not a minister of the law also ministered by the law?

However, the record contains nothing to support the defendant's assertions. We find nothing to suggest that, in this matter, Judge Krake conducted himself in an inappropriate manner or committed any act during the course of the proceedings that prejudiced the defendant. Thus, we find no merit in this assignment of error.

In his second *pro se* assignment of error, the defendant asserts that the state misused predicates to enhance his sentence. He makes the following argument in his brief to this court:

> The Bill of Information presented in Discovery uses three prior D.W.I. convictions to enhance to 4th offense D.W.I. The Asst. D.A. claimed the conviction in Rapides Parish, on June 14, 2004, DKT - 271,113, carried two and one half years (2 1/2) jail time. When in fact the sentence was to two years H.L. under Act 138 and would require only one year jail time, thereby putting the 1993 conviction out of time, allowing that the Asst. D.A. could only go back 13 1/2 years rather than the 15 years he claims.

The defendant further asserts that had his trial counsel investigated this issue, an objection from his trial counsel would have changed the outcome of the trial.

As we understand the defendant's argument, he appears to suggest that there was a problem with the sentence he received for his 2004 conviction, and that this

problem would have caused his 1993 conviction to fall outside of the ten-year cleansing period provided for in La.R.S. 14:98(F)(2) which states:

> For purposes of this Section, a prior conviction shall not include a conviction for an offense under this Section or R.S. 14:32.1 or R.S. 14:39.1 or under a comparable statute or ordinance of another jurisdiction, as described in Paragraph (1) of this Subsection, if committed more than ten years prior to the commission of the crime for which the defendant is being tried and such conviction shall not be considered in the assessment of penalties hereunder. However, periods of time during which the offender was incarcerated in a penal institution in this or any other state shall be excluded in computing the ten-year period. Subsections B and C shall include a screening procedure to determine the portions of the program which may be applicable and appropriate for individual offenders.

The predicate offenses giving rise to the fourth offense conviction in this matter occurred in 1993, 1994, and 2003. The 1993 offense arose in Ouachita Parish, Louisiana. He was charged in Ouachita Parish with having, on January 17, 1993, committed the offense of D.W.I-fourth offense, and pled guilty to D.W.I.-third offense on March 5, 1993. He was then charged in LaSalle Parish, Louisiana, with having committed the offense of D.W.I.-fourth offense on May 17, 1994, and pled guilty to the offense on November 28, 1994. He was then charged in Rapides Parish, Louisiana, with having committed the offense of D.W.I.-third offense on July 20, 2003, and pled guilty to the offense on June 14, 2004. The current offense occurred on February 4, 2007. The defendant was incarcerated for these prior offenses from June 21, 1993, through November 17, 1993; May 17, 1994, through November 25, 1996; September 13, 1997, through March 13, 1999; and October 10, 2003, through October 19, 2004.

Based on the evidence presented, we find that the state proved that the ten-year preclusion provided for in La.R.S. 14:98(F)(2) did not apply to any of the predicate offenses. Furthermore, we find no merit in the defendant's assertion that an objection

6

by his trial counsel would have changed the outcome of the trial. In *State v. Matthis*, 07-691, p. 7 (La. 11/2/07), 970 So.2d 505, 509, the supreme court discussed ineffective assistance of counsel as follows:

> [T]the standard for ineffective assistance of counsel set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), adopted by this Court in *State v. Washington*, 491 So.2d 1337, 1339 (La.1986), requires respondent to show not only that his trial attorney's performance fell below an objective standard of reasonableness under prevailing professional norms but also that counsel's inadequate performance prejudiced him to the extent that the trial was rendered unfair and the verdict suspect, *i.e.* that counsel's errors undermined the proper functioning of the adversary process.

In *State v. Duplichan*, 06-852, p. 9 (La.App. 3 Cir. 12/6/06), 945 So.2d 170, 177, *writ denied*, 07-148 (La. 9/28/07), 964 So.2d 351, this court stated the following:

> [T]his court often defers such claims to the post-conviction process, so the record can be developed in regard to the issue at hand. However, this court will address ineffective assistance claims on appeal, when the record is sufficient to analyze the claim. *State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La.9/21/01), 797 So.2d 62.

Because the state met its burden of proof in establishing that the cleansing period had not lapsed, the defendant cannot show that he was prejudiced by his trial counsel's failure to object to any allegedly incorrect comments by the state regarding the sentence imposed on the defendant in 1994.

In his third and final *pro se* assignment of error, the defendant asks whether he was properly represented by his retained trial counsel. In asking the question, the defendant discusses a parole hold against him in Union Parish, Louisiana, and asks whether the parole hold would have been dismissed had his trial counsel represented him in a more professional manner. He suggests that if he had been able to at least post bond on the parole hold, his release would have increased his chances at his trial.

7

The defendant further asserts that his trial counsel was unprepared to represent him because he did not prepare "adequately in discovery." In support of this assertion, the defendant points to a film submitted in evidence by the state of which the trial counsel was not aware. Had the trial counsel been better prepared, the defendant asserts, he could have filed a motion to suppress the film. The defendant also asserts that his trial counsel failed to obtain cellular telephone records of witnesses to his behavior and to subpoena his sister-in-law, as these records and her testimony could have been used to contradict the testimony of the Louisiana State Police Trooper who investigated the criminal charge.

All of these assertions are claims of ineffective assistance of counsel.

It is well settled that decisions relating to investigation, preparation, and strategy require an evidentiary hearing and cannot possibly be reviewed on appeal. Only in an evidentiary hearing in the district court, where the defendant could present evidence beyond that contained in the instant record, could these allegations be sufficiently investigated.

*State v. Smith*, 06-820, pp. 17-18 (La.App. 1 Cir. 12/28/06), 952 So.2d 1, 12, *writ denied*, 07-211 (La. 9/28/07), 964 So.2d 352 (citation omitted, footnote omitted). Furthermore, "[f]or purposes of an ineffective assistance of counsel claim, the filing of pretrial motions is squarely within the ambit of the attorney's trial strategy, and counsel is not required to engage in futility." *State v. Pendelton*, 96-367, p. 23 (La.App. 5 Cir. 5/28/97), 696 So.2d 144, 156, *writ denied*, 97-1714 (La. 12/19/97), 706 So.2d 450 (citation omitted).

Because the record before this court is insufficient to address the defendant's claims, we relegate them to post-conviction relief proceedings. Thus, we decline to consider this assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's conviction in all respects. However, we vacate the sentence imposed by the trial court and remand the matter to the trial court for resentencing. At the resentencing, the trial court must ensure that the defendant either is represented by counsel or waives the assistance of counsel.

**CONVICTION AFFIRMED. SENTENCE VACATED, AND CASE REMANDED FOR RESENTENCING.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

9